Marilyn Yvonne WISE, Plaintiff,

v.

Lennon W. STRONG, Defendant and Third-Party Plaintiff-Appellant,

v.

TRAVELERS INDEMNITY COMPANY, a Corporation, Third-Party Defendant-Respondent.

Iva Beatrice MOORE, Plaintiff,

v.

Lennon W. STRONG, Defendant and Third-Party Plaintiff-Appellant,

v.

TRAVELERS INDEMNITY COMPANY, a Corporation, Third-Party Defendant-Respondent.

Nos. 7916, 7917.

Springfield Court of Appeals.

Missouri.

Nov. 1, 1960.

Mann, Walter, Powell, Burkart & Weathers, by Jack Powell, Springfield, for appellant.

George M. Flanigan, McReynolds, Flanigan & Flanigan, Carthage, for respondent.

McDOWELL, Judge.

Appellant appeals in each of the within numbered cases, from final judgment rendered in the Circuit Court of Greene County, Missouri, in favor of third-party defendant, respondent, against third-party plaintiff, appellant, on appellant's cross-claims against respondents seeking to make it defend said suits in behalf of appellant and to be responsible for payment of any damages allowed plaintiffs against appellant, together with court costs and attorney fees incurred.

The original petition sought damages for personal injuries against the appellant in excess of $15,000 in each case. The court ordered separate trials in order that the suits by the plaintiffs against appellant could be tried separately and apart from the cross-petitions filed by appellant against respondent. The trial of claims against respondent by appellant was thereupon had. No issues in the personal injury suits are involved in the cases now on appeal. The trial resulted in final judgment in favor of respondent as to appellant's claims and appellant appealed.

After notice of appeal was filed in each case to the Supreme Court, the total demands of the original plaintiffs in each suit were reduced to $2,500 in each case and it was conceded that the total costs in each case, including attorney fees, will not exceed $2,500, and the causes were, by the Supreme Court, transferred to this court for judgment.

The two causes have common questions of law and fact as between appellant and respondent, and, upon motion by appellant, said causes were ordered consolidated for opinion.

These actions were submitted to the trial court on an agreed statement of facts, which, in part, stated:

That on or about December 14, 1957, Lennon W. Strong, defendant and third-party plaintiff, was operating a 1955 Nash

automobile owned by Floyd L. Garver. Said Nash was involved in an accident December 14, 1957, and, as a result of said accident, Marilyn Yvonne Wise and ·Iva Beatrice Moore, plaintiffs in the above causes, filed actions seeking damages against Strong for alleged injuries arising out of his alleged negligence in the operation of the Nash automobile at the time of the accident. The title to said Nash automobile was obtained by Garver on December 6, 1957. He acquired legal title to a Hillman Minx car December 12, 1957, and, on that date, purchased from defendant, The Travelers Indemnity Company, a corporation, its family automobile policy No. MP 3479007, which was issued in the name of Floyd L. Garver, for the policy period of December 12, 1957, to December 12, 1958. (A true copy of said policy has been attached to the second amended petition, filed in each of these causes.) The policy had not been cancelled up to, and including, the date of accident referred to in these cases. At the time of the accident Strong was driving the Nash car with the permission of Garver. Strong, defendant and third-party plaintiff, duly notified The Travelers of the accident and pending suits and that he claimed the company was obligated to defend him in said suits and pay any judgment and costs arising therefrom but said third-party defendant refused and continues to ·refuse to defend these actions on his behalf.

The· sole issue presented in each of the cases is: Was the Nash automobile insured under the family automobile policy issued to Garver?

Appellant contends that the policy of insurance issued by defendant (hereinafter referred to as The Travelers) provided coverage for all automobiles owned by Garver as to liability, unless specifically excluded by endorsement; that since the Nash automobile was an owned car of Mr. Garver at the time of the issuance of the policy and was not specifically excluded by endorsement, the provisions of the policy inured to the benefit of appellant, who was operating said Nash with the permission of the owner, Garver.

Appellant says that the insurance policy in question is not the long used so-called Standard Automobile Policy, but is a policy new to the industry and known as the Family Automobile Liability Policy; that this policy has revolutionized the extent of liability coverages and that the courts must not fall into the trap of applying the limited concepts of liability coverage used in the Standard Automobile Policy; that the purpose of the new policy is to secure a higher type of risk and give a broader type of coverage.

Respondent's contention is that under the terms of the policy it was not the intention of the parties that coverage be extended to the 1955 Nash automobile, it not having been specifically described in the policy but was an owned car of the insured at the time the policy was issued.

Under, points and authorities appellant complains of error of the trial court in finding for respondent that appellant was not entitled to protection as an insured person under the policy for the following reasons:

1. That the specific provisions of the family automobile policy in issue disclose coverage was provided to appellant under the agreed facts.

2. That if the provisions of the policy are ambiguous, such ambiguity must be resolved by adopting an interpretation most favorable to the insured, which will afford the greatest scope of protection.

3. That it was the intention of respondent to provide liability insurance for the automobile in question: Otherwise, the said automobile would have been specifically excluded.

4. It is contended that the automobile which appellant was operating was an owned automobile when respondent's policy was issued and respondent may not rely on interpretation of "newly acquired automobiles" clause of Standard Policy.

Appellate courts review cases tried upon the facts without a jury as in suits of an equitable nature. Section 510.310 subd. 4 RSMo 1949, V.A.M.S.

The instant cases were submitted to the trial court on agreed statements of facts. The deference usually accorded the determination of a factual issue by the trial court because of its better position to judge of the credibility of witnesses is not applicable. Giokaris v. Kincaid, Mo.Sup., 331 S.W.2d 633, 635; Pitts v. Garner, Mo.Sup., 321 S.W.2d 509, 514 [1]; Lukas v. Hays, Mo.Sup., 283 S.W.2d 561, 565 [6].

The rules governing the construction of insurance policies are well settled. It was stated in Simpson v. American Automobile Ins. Co., Mo.App., 327 S.W.2d 519, 526, that:

" ' " * * * The policy is a contract. Plain and unambiguous language must be given its plain meaning. *The contract should be construed as a whole;* but, in so far as open to different constructions, that most favorable to the insured must be adopted. State ex rel. Security Mutual Life Ins. Co. v. Allen, 305 Mo. 607, 614, et seq., 267 S.W. 379, 381, 382. * * * " ' "

In construing any contract it is our duty to ascertain and give effect to the intention of the parties. We should not so construe it as to give a meaning that either extends or restricts the coverage beyond that actually provided. Haynes v. Linder, Mo.App., 323 S.W.2d 505, 509 [3–4].

In Aetna Life Insurance Co. of Hartford, v. Durwood, Mo.Sup., 278 S.W.2d 782, 786 [2–3], the court stated:

"In approaching this task, we deem it advisable to keep before us certain established rules that may be applicable. 'In the construction of the policy, the rules to be followed are well settled. The policy is a contract. Plain and un-

ambiguous language must be given its plain meaning. The contract should be construed as a whole; but, in so far as open to different constructions, that most favorable to the insured must be adopted. State ex rel. Security Mutual Life Ins. Co. v. Allen, 305 Mo. 607, 614 et seq., 267 S.W. 379, 381, 382. However, as said in 14 R.C.L., § 103, p. 931, the rule "does not authorize a perversion of language, or the exercise of inventive powers for the purpose of creating an ambiguity where none exists." ' " Hall v. Weston, Mo.Sup., 323 S.W.2d 673, 675 [1]; Pierce v. Business Men's Assurance Co. of America, Mo.Sup., 333 S.W.2d 97, 100 [2–4]; Varble v. Stanley, Mo.App., 306 S.W. 2d 662.

To support his first contention appellant relies upon the following provisions of the policy, in evidence as exhibit (A):

Under "Part I—Liability—

"Coverage A—Bodily Injury Liability; Coverage B—Property Damage Liability

"To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of:

"A. bodily injury, sickness or disease, including death resulting therefrom, hereinafter called 'bodily injury', sustained by any person;

"B. injury to or destruction of property, including loss of use thereof, hereinafter called 'property damage'; arising out of the ownership, maintenance or use of *the owned* automobile or any non-owned automobile, and the company shall defend any suit alleging such bodily injury or property damage and seeking damages which are payable under the terms of this policy, even if any of the allegations of the suit are groundless, false or fraudulent; but the company may make such in-

vestigation and settlement of any claim or suit as it deems expedient. * * *

"Persons Insured

"The following are insureds under Part I:

"(a) with respect to the owned automobile,

"(1) the named insured and any resident of the same household,

"(2) any other person using such automobile, provided the actual use thereof is with the permission of the named insured; * * *

"Definitions

"Under Part I:

"* * * 'owned automobile' means a private passenger or utility automobile or trailer owned by the named insured, and includes a temporary substitute automobile; * * *

"Exclusions—This policy does not apply under Part I

"* * * (e) to an owned automobile while used in the automobile business, but this exclusion does not apply to the named insured, a resident of the same household as the named insured, a partnership in which such resident or the named insured is a partner, or any partner, agent or employee of such resident or partnership."

Appellant says that under Coverage (A) he is insured because he was driving the Nash automobile owned by Garver, with Garver's permission, which brings him within the definition of "persons insured". He says the crux of the matter is to be resolved under the definition of "owned automobiles".

Respondent, The Travelers, contends that "owned automobiles" under the terms of the policy means the automobiles specifically described in the policy. Appellant says the policy does not so state and that is not the intention of the parties.

The issues presented for judgment must be determined by a consideration of the insurance contract in evidence. Under "Declarations—Family Automobile Policy Number MP 3479007", Floyd L. Garver is the named insured. Under Item 5 of such Declaration, the insured represents that the total number of private automobiles owned by him at the date of the issuance of the policy is *one*, and, under Item 3 of such Declaration, the car insured is described as "1 B 1958 Hillman Minx 4 door sedan, M No. A813167". The Nash car in question is not described or mentioned in the policy. Condition 27 of the policy states that the assured agrees that the policy is issued in reliance upon the truth of that representation.

It is contended by respondent that from these provisions of the policy it is manifest that Garver did not intend the Nash to be covered by this policy; that if he had so intended, Item 5 would have been answered in such a manner as to disclose ownership of the Nash and that said Nash car would have been specifically described in Item 3, together with the Hillman Minx, and that insured obviously would have paid a premium for the coverage of the Nash.

In appellant's argument it is stated that the policy of insurance provided coverage for all automobiles owned by Garver unless specifically excluded by endorsement and that since the Nash automobile was an "owned automobile" of Garver and, in as much as it was not specifically excluded by endorsement, the provisions of the policy inured to the benefit of appellant who was operating said Nash with the permission of Garver.

To further support the position that Strong is an "insured" under the terms of the policy, he quotes from the provisions of the policy under "Conditions—3. Two or More Automobiles:

"When two or more automobiles are insured hereunder, the terms of this policy shall apply separately to each, but an automobile and a trailer attached thereto shall be held to be one automobile as respect limits of liability under Part I of this policy, and separate automobiles under Part III of this policy, including any deductible provisions applicable thereto."

Appellant says that this clause shows that the parties anticipated that more than one owned automobile may exist.

Appellant further says that the provisions also provide for additional premiums and the proof of automobiles owned, citing (2) "Premium. Parts I, II and III"

"If the named insured dispose of, acquires or replaces a private passenger or utility automobile or, with respect to Part III, a trailer, he shall inform the company during the policy period of such change. Premium shall be adjusted as of the date of such change, in accordance with the manuals in use by the company. The named insured shall, upon request, furnish reasonable proof of the number of such automobiles or trailers and a description thereof."

Appellant points out that the company had a right to acquire reasonable proof of the number of automobiles and had that right at the time the policy was issued. He states that he finds no language in the policy limiting the coverage on "owned automobiles" specifically described in the policy.

Considering appellant's contention under the provisions of the policy relied upon, we find that under Coverage (A) by the terms of the Insurance Contract, The Travelers is required to pay on behalf of insured, all sums which insured shall become legally obligated to pay as damages because of bodily injuries sustained by any person "arising out of the ownership, maintenance or use of the owned automobile or any non-owned automobile."

The use of the two words "the" and "any" is of the utmost significance. We think if appellant's position is sound the provisions of the policy would have read as if the word "any" was used in place of the italicized word "the". The use of the words "the owned automobile" refers to the description of the Hillman Minx as found in Item 3 of the Declarations. Item 3 reads: "Description of owned automobile or trailer: 1 B 1958 Hillman Minx 4 door sedan, M No. A813167." That is the vehicle specifically named in the policy.

We must give to the language used in the policy its plain meaning unless such language is open to different constructions.

Again, noting the Provisions of the Policy relied upon by appellant under "Persons Insured" it provides "The following are insureds under Part I:

"(a) With respect to the owned automobile". Again, we find that the use of "the" restricts the automobile to the car described in the policy, and,

"(1) the named insured and any resident of the same household,

"(2) any other person using such automobile, provided the actual use thereof is with the permission of the named insured."

The clear meaning of the language thus used, "such automobile", means the described automobile in the policy.

Following the parts of the policy relied on by appellant under "Persons Insured" we quote from Provision (b) with respect to a non-owned automobile:

"(1) the named insured,

"(2) any relative, but only with respect to a private passenger automobile or trailer not regularly furnished for the use of such relative."

Under (b), when defining persons insured with respect to "non-owned automo-

biles", the policy reads "A non-owned automobile". It will be noted that any relative, but only with respect to a private passenger automobile or trailer, is a named insured. Relatives who are residents of insured's household are entitled to coverage benefits. We agree with respondent that because of this provision in the policy, it is called "Family Automobile Policy". It has been held there is nothing sacred about titles.

In Thompson v. State Automobile Mutual Ins. Co., 122 W.Va. 551, 11 S.E.2d 849, cited by appellant, the law is stated on page 852: " * * * A caption should never of itself be taken to override the intention of the parties to an insurance policy as shown by the provisions and clauses inserted thereunder. * * * "

So, we find that the policy, under paragraph entitled "Persons Insured", extends coverage with respect to the *Hillman Minx* to Garver and relatives who are residents of his household and any other permittee. With regard to "non-owned automobiles" the policy affords coverage to Garver, his spouse, and, under most circumstances, any relatives. This is a family coverage which is a coverage beyond the Hillman Minx. However, appellant does not contend, nor do the facts reflect, that he was a member of the family of Garver. He was not a relative.

Appellant says that under "Exclusions, (e)", the wording of the policy excludes "to an owned automobile while used in the automobile business, * * * ". If such wording is to be given such undue effect, respondent's own ambiguity has created the turmoil.

Under "Coverage E—Collision" we find that The Travelers is required to "pay for loss caused by collision to the owned automobile or to a non-owned automobile, * * * ". There is nothing in the language used which would make it apply to the Nash.

Finally, appellant contends that the emphasis on "the" is unrealistic because, in defining the terms, the company did not define "the owned automobile". Appellant says the policy merely defines "owned automobiles". That for years insurance companies have defined "owned automobile" as a private, passenger, farm or utility car described in the policy and always referring to the car described in the policy. That this definition no longer is used and appellant asked "Why was it changed?", and answered, "Because the purpose and intent of the policy was to cover all owned automobiles not specifically excluded by endorsement". To sustain this view appellant relies on the opinion in Lejeune v. State Farm Mutual Automobile Ins. Co., La.App., 107 So.2d 509.

In the Lejeune case a 1947 Chevrolet car was involved in an accident. The insurance carrier was Allstate Insurance Company. The policy was issued April 27, 1956. At the time of the issuance of the policy the insured owned a 1947 Chevrolet and also a 1954 Chevrolet. The last car was specifically described in the policy. The trial court stated on page 523 of the opinion:

" * * * The 1947 Chevrolet at the time of the issuance of the policy was not covered nor insured * * *. The policy which was issued to DiBenedetto was known as a Standard Form Policy, and if that was all that we had in this case the answer would be very easy for the car would not be covered."

But the facts in the case were that prior to the accident, the Casualty and Surety Division of the Louisiana Insurance Rating Commission issued a bulletin, No. 195, to all companies, including Allstate, instructing them that the new Family Policy was to become effective October 1, 1956, prior to the accident. This bulletin provided, inter alia, "the Family Policy covered all of the insured's automobiles unless the specific endorsement is added ex-

cluding a named automobile." The evidence was that Allstate had agreed to this mandate and had knowledge that insured owned the 1947 Chevrolet involved in the accident. There was evidence that some companies had immediately excluded other automobiles under the exclusion provision. Allstate took no action and, therefore, had agreed specifically, by letter, that the policy be interpreted as including the broader coverage under the Family Policy. It is clear from the facts in this case that there was liability.

The Travelers had no knowledge of the ownership of the 1955 Nash and, therefore, would have been in no position to have excluded it. Garver, the insured, had represented and agreed in the policy of insurance that he owned only *one*, the Hillman Minx. Clearly, this case does not support the contention of appellant. In fact, if it has any value, it supports the contention of respondent because it holds that under the Standard Form Policy, the Nash car would not have been covered.

Appellant cites an article, written by Curtis M. Elliott, entitled "The Family Automobile Policy" published May, 1958, in the Nebraska Law Review, Vol. 37, No. 3, at page 581. The author stated:

"The Family Policy was a hastily drawn contract. A number of apparent inconsistencies and actual omissions leave much to be desired in a well-constructed and easily-comprehensible insurance contract.

"One rather important inconsistency exists between the manual rules and the policy provisions concerning the type of automobile eligible for coverage under the Family Policy. Under all insuring agreements in the contract—liability, medical payments, and physical damage—coverage is provided for all 'owned automobiles', and an owned automobile is defined as including a private passenger or utility automobile or trailer owned by the named insured, including a temporary substitute automobile. * * *"

This article states that the contractual provisions of the policy are that insurance is to be provided for all private passenger and utility automobiles.

Appellant also quotes from an article published in Insurance Counsel Journal, January, 1957, page 13, entitled "The New Family Automobile Policy", by Fred C. Parcher of Columbus, Ohio. On page 16 he stated:

"We have made no attempt to discuss the Family Automobile Policy 'conditions' as such, or in their entirety although we have endeavored to point out, in our discussion of the protection afforded by the various divisions of the policy, the effect of the conditions with respect to each division. However, since the policy does not require a description of the insured's automobile unless physical damage coverage is being provided, there is one condition that is of extreme importance. That one is entitled 'premium' and it requires that the sale, acquisition or replacement of a private passenger or utility automobile during the policy period must be reported to the company. It also provides for premium adjustment from the date of the acquisition or replacement. This, coupled with the insuring agreement covering owned automobiles, provides automatic insurance for newly acquired vehicles. * * *"

We are cited to no opinions in this State or in any other State defining or construing the so-called Family Automobile Policy. Whatever decision is reached in such construction must follow the law relative to the interpretation of contracts. Construing the contract in issue, under the rules of construction, as defined by our courts, we must find that the intention of the parties was to insure *one* automobile, *the Hillman*

*Minx,* and that the provisions of the contract, relied upon by appellant, refer to, and are limited to, such Minx automobile. We, therefore, find against appellant on his first contention.

Under the second reason assigned by appellant he states:

"If the court shall conclude that the policy provisions are ambiguous, such ambiguity must be resolved by adopting an interpretation most favorable to the insured and which will afford the greatest scope of protection."

It was held in Community Federal Savings & Loan Ass'n v. General Casualty Co., 8 Cir., 274 F.2d 620, 624, [2–4] that:

"The courts of Missouri have strictly adhered to the rule that absent ambiguity there is no room for construction of contracts. Unless ambiguity exists, courts have no occasion to resort to rules of interpretation. Unequivocal language in written contracts must be given its plain meaning and enforced as written. (Citing many Missouri cases.)

" 'Contracts of insurance, like other contracts, must be construed according to the terms which the parties have used, to be taken and understood, in the absence of ambiguity, in their plain, ordinary, and popular sense.' " (See the many authorities cited.)

Judged by the standards in the above case cited and in all of the other cases cited in this opinion, we are satisfied that there is no ambiguity in the terms of the insurance contract under consideration as claimed by appellant.

Under the third contention made by appellant, it is contended that: "It was the intention of respondent insurance company to provide liability insurance for the automobile in question; Otherwise, the said automobile would have been specifically excluded".

We have discussed this proposition under the first contention and we find from a consideration of the whole contract that it was the intention of the parties that only the Hillman Minx car should be covered.

The last reason given by appellant for his contention is: "The automobile appellant was operating was an owned automobile when respondent's policy was issued and respondent may not rely on interpretation of 'newly acquired automobiles' clause of Standard Policy".

In appellant's brief he assumes that respondent would rely upon authorities under this clause found in the Standard Policy. We have pointed out in our discussion under the first assigned reason that under coverage (D) the language is, "To pay for loss caused other than by collision to the owned automobile or to a non-owned automobile". All of the coverages mentioned were paid for by Garver and throughout them we find a manifest distinction between the "owned automobile" and a "non-owned automobile".

It is unnecessary to further discuss this alleged reason because of our opinion rendered in the first reason alleged by appellant. It would appear to the court that appellant is attempting to bring "The Travelers" into defense of two lawsuits involving a vehicle not mentioned in the policy and one whose existence it had no knowledge. We agree with respondent that there would have been no purpose in specifically describing the Hillman Minx car in the policy if the intent of the parties was to the effect that the coverage extended to every automobile owned by Garver.

We find that under the terms of the contract, considered as a whole, it was the intention of the parties that only the Hillman Minx car was to be covered.

Judgment in each of the above cases is by this court affirmed.

STONE, P. J., and RUARK, J., concur.