PREFERRED RISK MUTUAL INSURANCE COMPANY, APPELLANT, v. CONTINENTAL INSURANCE COMPANY, APPELLEE.

109 N. W. 2d 126

Filed May 5, 1961. No. 34919.

*Wear, Boland, Mullin & Walsh, McCormack & McCormack, A. Lee Bloomingdale,* and *Paul J. Gerdes,* for appellant.

*Crossman, Barton & Norris,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ.

SIMMONS, C. J.

This is an action brought by Preferred Risk Mutual Insurance Company against the Continental Insurance Company.

On March 1, 1957, plaintiff had issued a policy of insurance to one Linn P. Sullenberger covering bodily injury, property damage, and other risks, and specifically related to a 1953 Buick.

On or about April 19, 1957, Sullenberger bought a 1953 Chevrolet for the use of his grandson, then a minor and a student in Arizona. The grandson had the possession of the Chevrolet at all times involved herein. Sullenberger bought and paid for a policy of insurance on the Chevrolet from the defendant which it had denominated a "Family Automobile Policy." We refer to its terms later herein.

On June 5, 1957, Mr. Sullenberger was involved in a two-car head-on automobile collision in Nebraska. He was then driving the Buick car. The drivers of both automobiles were killed and there was extensive property damage. Plaintiff investigated the accident, and concluded that it was obligated to pay a substantial sum in damages to the estate of the deceased driver of the other car for losses caused by the death, for property damage, and other items. Plaintiff, contending that the defendant's policy covered the Sullenberger Buick, demanded contribution. Defendant refused to pay. This action followed.

The trial court dismissed the cause with prejudice. Plaintiff appealed.

The first question presented here is whether or not defendant has any liability to plaintiff under its contract with Sullenberger. If that question is decided in favor of defendant then the other questions become unimportant here.

We decide that defendant is not liable and affirm the judgment of the trial court.

The policy issued here by defendant is denominated a "Family Automobile Policy." Plaintiff appears to think that there is some liability that flows from the name of the policy. We see no particular magic in the name. It may well be that it is a policy intended to cover the liabilities involved in the application of the family purpose doctrine. The name of the policy neither imposes added liability nor subtracts liability from the covenants of the policy.

Plaintiff appeals to the rule that where the language in a policy of insurance is susceptible of more than one construction, that most favorable to the insured will be adopted. That is a rule applicable to all contracts and not alone to insurance policies. It is designed to protect the party who did not prepare the contract. Here, however, the plaintiff is not a party to this contract and we see no reason in this case to extend the scope of the rule.

In Koehn v. Union Fire Ins. Co., 152 Neb. 254, 40 N. W. 2d 874, we held: "A policy of insurance should be considered as any other contract to give effect to the intention of the parties at the time it was made as expressed therein. The language of it should be considered not in accordance with what insurer intended the words to mean, but what a reasonable person in the position of the insured would have understood them to mean. * * * In giving effect to this rule, it is equally important that the contract made by the parties shall be enforced, and that a new contract will not be interpolated by construction. * * * A policy of insurance will be given effect according to the ordinary sense of

the terms used, and if they are clear they will be applied according to their plain and ordinary meaning."

Here the defendant's policy shows coverage for six classifications of liability and shows the premium charged for each under the column headline "Car No. 1." A column for "Car No. 2" follows with no figures inserted therein. It becomes patent that defendant charged a premium for liability assumed only on "Car No. 1."

This is followed by a recital that: "The total number of private passenger and utility automobiles owned on the effective date of this policy by the named insured does not exceed one, unless otherwise stated herein." There is evidence that the agent knew that Sullenberger had a Buick car at that time. That ownership was not stated in the policy. The policy contains a provision that: "Notice to any agent or knowledge possessed by any agent or by any other person shall not effect a waiver or a change in any part of this policy or estop the company from asserting any right under the terms of this policy; nor shall the terms of this policy be waived or changed except by endorsement issued to form a part of this policy signed by a duly authorized representative of the company."

It follows that the knowledge of the agent that Mr. Sullenberger owned the Buick car does not affect the liability of the defendant.

The above statement that only one automobile was owned by the insured is followed by a description of the "owned automobile." Under the caption of "Car No. 1" the Chevrolet is described. There is a heading for "Car No. 2" in which no description is inserted.

It seems clear at this point that defendant's liability attaches only to those coverages involving the Chevrolet.

Plaintiff then resorts to provisions under the "liability" provisions of the policy which are: "To pay on behalf of the insured all sums which the insured shall become legally obligated to pay" because of bodily

injuries and property damage "arising out of the owner-ship, maintenance or use of the owned automobile or non-owned automobile, * * *."

The term "owned automobile" is defined in the policy as meaning "a private passenger or utility automobile or trailer owned by the named insured, and includes a temporary substitute automobile." A " 'temporary sub-stitute automobile' means any automobile or trailer while temporarily used as a substitute for the owned automobile or trailer when withdrawn from normal use because of its breakdown, repair, servicing, loss or destruction."

There is no "temporary substitute automobile" in-volved here. The clause becomes important only be-cause it shows that the temporary substitute is insured only when the insured car is withdrawn from service as provided in the policy. The defendant assumed liability only for one automobile.

Substituting the definition of "owned automobile" for those words in the insuring clause, we have a con-tract of the insurer to be legally obligated to pay cer-tain damages arising out of the ownership, maintenance, or use of the private passenger or utility automobile or trailer owned by the named insured. That owned auto-mobile so far as this policy is concerned is the Chevrolet.

Plaintiff next appeals to that "condition" of the policy which provides: "When two or more automobiles are insured hereunder, the terms of this policy shall apply separately to each, * * *."

The answer to that contention is that only one auto-mobile was insured under the policy here involved.

The judgment of the trial court is affirmed.

AFFIRMED.