AMERICAN UNIVERSAL INSURANCE COMPANY *vs.*
ELIZABETH ANN COSTELLO *et al.*

NOVEMBER 20, 1962.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

PAOLINO, J. This is a bill in equity to enjoin the respondents from proceeding to arbitration under the provision of a family protection coverage endorsement attached to a family combination automobile policy. After a hearing before a justice of the superior court on bill, answers and proof, a decree was entered enjoining the respondents in accordance with the prayers in the bill. The cause is before us on the appeal of the respondent Elizabeth Ann Costello, whom we shall hereinafter refer to as the respondent Costello.

The following facts are undisputed. On May 6, 1959 complainant issued to respondent Costello a family combination automobile policy with a family protection coverage endorsement attached thereto. The endorsement provides for the payment of damages by the insurer for bodily injury caused by uninsured automobiles. Paragraph I of the endorsement reads as follows:

> "Damages for Bodily Injury Caused by Uninsured Automobiles: To pay all sums which the insured or his legal representative shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile because of bodily injury, sickness or disease, including death resulting therefrom, hereinafter called 'bodily injury,' sustained by the insured, caused by accident and arising out of the ownership, maintenance or use of such uninsured automobile; provided, for the purposes of this endorsement, determination as to whether the insured or such representative is legally entitled to recover such damages, and if so the amount thereof, shall be made by agreement between the insured or such representative and the company or, if they fail to agree, by arbitration."

On November 8, 1959 respondent Costello, while operating the automobile covered by complainant's policy, was involved in a collision with a 1950 Oldsmobile owned and operated by William Masuck. Prior to the accident Lumbermens Mutual Casualty Company had issued a family automobile policy to his wife, Wanda Masuck. Under declaration 3, "Description Of Owned Automobile Or Trailer," the policy described a 1955 Oldsmobile. This was the only car owned by her at the time. By its express terms William Masuck became a "named insured," being the spouse of the person named in the policy and a resident of the same household.

Mr. Masuck had acquired the 1950 Oldsmobile, a private passenger car, about thirty days prior to the accident. It

is admitted that Lumbermens had not been notified of such acquisition; that no additional premium was paid; that this car is neither described nor mentioned in the Lumbermens policy; and that it is not a substitute car. Both policies admittedly were in full force and effect at the time of the accident.

Sometime after the accident a claim was made by respondent Costello upon complainant to recover damages under the uninsured motorist provision of her policy. The complainant, for the purposes of this case, admitted that Mr. Masuck was negligent and that respondent Costello was entitled to recover damages against him for the personal injuries she sustained. But complainant denied liability under the uninsured motorist provision of its policy on the ground that Mr. Masuck was not, in fact, an uninsured motorist.

The respondent Costello thereupon demanded that an arbitrator be appointed in accordance with the provisions of condition 6 in the family protection coverage endorsement of her policy. The respondent David B. Lovell, Jr. was thereafter appointed as arbitrator to hear and decide the question of the amount of damages, if any, to which respondent Costello is entitled under complainant's policy. After he had set the matter down for hearing, complainant filed the instant bill.

The bill prays that the superior court enter a decree declaring that under the provisions of the policy issued by complainant to respondent Costello, William Masuck was not the operator of an uninsured automobile on the date of the accident and that, therefore, respondents be enjoined from arbitrating the question of damages for bodily injury sustained by respondent Costello.

The only issue before the trial justice was whether the arbitration provisions of the policy issued by complainant to respondent Costello were applicable on the basis of the

record before him. The determination of this issue depended upon the question whether Mr. Masuck was the operator of an uninsured automobile under the terms of the policy issued by complainant to respondent Costello, which question in turn depends upon a construction of the terms of the Lumbermens policy.

The decree entered by the trial justice contains findings that the automobile operated by Mr. Masuck on the date of the accident was insured under the policy issued by Lumbermens to his wife; that he was not the operator of an uninsured automobile within the coverage afforded respondent Costello under her policy; and that the arbitration provisions in her policy are not applicable in the circumstances. On the basis of these findings respondents were permanently enjoined from arbitrating the question of damages.

The respondent Costello contends that the decree is against the law and the evidence and the weight thereof and that the trial justice erred in construing the Lumbermens policy. She argues that the language in the policy refers to the automobile specifically described therein and does not apply to the automobile subsequently acquired by Mr. Masuck, relying on *Wise* v. *Strong*, Mo. App., 341 S.W. 2d 633.

In our opinion *Wise* v. *Strong, supra,* is not in point. Although the policy in that case is similar to the Lumbermens policy, the facts of the case are materially different. The automobile involved in the *Wise* case was also owned by the named insured at the time the declaration was made that the named insured owned only the automobile described in the policy. But the second automobile was not acquired during the policy period as was the second car in the case at bar.

The determination of the question whether the 1950 Oldsmobile involved in the instant case was covered by the Lumbermens policy depends upon its language, read in its entirety, and the intent of the parties thereto at the time it

was issued. *Brady* v. *Norwich Union Fire Ins. Soc'y,* 47 R. I. 416, 417; *Crook* v. *Kalamazoo Sales & Service, Inc.,* 82 R. I. 387, 393.

Under Part I of the Lumbermens policy Mr. Masuck was a "named insured." The policy expressly provides that "named insured" means the individual named in item 1 of the declarations, and also includes the spouse if a resident of the same household. He meets both requirements. The only question is whether the 1950 Oldsmobile is covered by the policy.

After reading the policy it is our opinion that it was the intent of the parties, as expressed in the language of the policy, to insure "replacement or additional automobiles" acquired by the named insured during the policy period. Therefore the 1950 Oldsmobile was not an uninsured car.

Under Part I of the Lumbermens policy the company agreed to pay on behalf of the insured all sums which the insured should become legally obligated to pay as damages because of bodily injury sustained by any person or property damage "arising out of the ownership, maintenance or use of the owned automobile or any non-owned automobile * * *."

Part III of the policy, entitled "Physical Damage," contains the following pertinent exclusion: "This policy does not apply under Part III: * * * (d) to loss to a private passenger * * * automobile * * * owned by the named insured and not described in this policy * * * if the insured has other valid and collectible insurance against such loss * * *."

In our opinion the fact that no such exclusion appears in Part I of the policy indicates a clear intent to include a replacement or additional automobile even though not described in the policy at the time of its issuance. This conclusion finds support by the following statement on the cover of the policy: "Replacement or additional automobiles should be. reported promptly to your agent so that our record of your protection will be up to date at all times."

Further support for our conclusion is found in paragraph 2 of "Conditions" in the Lumbermens policy. The pertinent language thereof reads as follows: "Premium. If the named insured disposes of, acquires ownership of or replaces a private passenger * * * automobile * * * he shall inform the company during the policy period of such change. Any premium adjustment necessary shall be made as of the date of such change in accordance with the manuals in use by the company. The named insured shall, upon request, furnish reasonable proof of the number of such automobiles or trailers and a description thereof."

It is clear from the foregoing that the parties contemplated the acquisition by the insured of additional automobiles. The fact that the company was not given notice at the time the second automobile was acquired does not affect the coverage since, under the express language of the policy, notice was required to be given during the policy period and not at the time of the acquisition.

The respondent Costello's contention that the 1950 Oldsmobile was not covered by the Lumbermens policy because no additional premium was paid lacks merit. In paragraph 2 under "Conditions" the policy expressly provides for premium adjustments. Moreover, the liability of an insurance company exists even if the premium is not paid. The obligation to pay an insurance premium and the insurer's obligation to afford coverage are independent obligations under the contract of insurance. *Merchants Mutual Casualty Co.* v. *Lambert,* 90 N. H. 507. The company, of course, has a cause of action for the premium.

In holding that the 1950 Oldsmobile is covered by the Lumbermens policy we are not indulging in presumptions. We find no ambiguity in the language of the policy insofar as it pertains to the issue before us. The coverage afforded by this type of policy was clearly intended to be broad. We are giving meaning to the plain language of the policy. *Inventasch* v. *Superior Fire Ins. Co.,* 48 R. I. 321, 331.

After carefully considering all of the reasons of appeal briefed and argued by the respondent, it is our opinion that the trial justice did not err and that his findings are supported by the record.

The respondent Costello's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the superior court for further proceedings.

*Higgins & Slattery, Eugene V. Higgins,* for complainant.

*J. Frederick Murphy, John F. Cuzzone, Jr.,* for respondents.