Merrimack,
No. 5334.

## MERCHANTS MUTUAL INSURANCE COMPANY & a.

*v.*

## STANDARD ACCIDENT INSURANCE COMPANY & a.

Argued October 5, 1965.
Decided December 7, 1965.

*Cofran, Quint & Greenhalge* (*Mr. L. Wilder Quint* orally), for the plaintiffs.

*Wiggin, Nourie, Sundeen, Nassikas & Pingree* and *William S. Orcutt* (*Mr. Orcutt* orally), for the defendants Standard Accident Insurance Company and Lottie M. Conant.

*Upton, Sanders & Upton* and *Carleton Eldredge* (*Mr. Eldredge* orally), for the defendant administrator.

DUNCAN, J. The policy of insurance issued by Standard Accident Insurance Company to Lottie M. Conant, in effect at the time of the accident out of which the pending law action arises, was styled a "family combination automobile policy." It insured against liability arising out of the use of "the owned automobile," which was defined in the policy as "a private passenger . . . automobile . . . owned by the named insured." The "named insured" was in turn defined thus: "named insured means the individual named in Item 1 of the declarations and also includes his spouse, if a resident of the same household." It is not disputed that Lottie M. Conant was "the individual named in Item 1" and that Malcolm W. Conant was at all pertinent times the spouse of Lottie and a resident of the same household.

The only automobile described in the declarations attached to the policy of Standard, under the heading of "Description of owned automobile," was "1960 Valiant 4-dr sedan." A line provided for the description of a second automobile was left blank.

The policy of insurance issued to Malcolm W. Conant by the plaintiff Merchants Mutual Insurance Company was in similar form, at least as to provisions material here, and the declarations attached thereto described only the 1950 Chrysler owned by Malcolm. This policy admittedly furnishes coverage for the accident, and the issue is whether the policy of Standard likewise covers because the Chrysler was "an owned automobile" of Malcolm as a "named insured" under the provisions of the policy issued to his wife Lottie.

Subject to the plaintiffs' exceptions, the Trial Court found: "At the time that Lottie M. Conant insured her Valiant sedan . . . it was the intention on the part of both parties to insure just the 1960 Valiant sedan . . . . " A similar finding was made with respect to the intention of the parties to the Merchants policy to insure "only" the 1950 Chrysler sedan.

The issue discussed before us is whether the plain language of the policy which Standard issued to Lottie requires a ruling that Standard insured the use of the Chrysler sedan, which was not described in the declarations of its policy. We are of the opinion that it does.

Item 7 of the declarations annexed to the policy of Standard provides as follows: "Unless otherwise stated herein: . . . (b) The total number of private passenger . . . automobiles owned on the effective date of this policy by the named insured does not exceed the number of such automobiles described in Item 4 . . . . " In Item 4 only one automobile was described, the 1960 Valiant. Condition 17 of the policy, entitled "Declarations," provides: "By acceptance of this policy, the insured named in Item 1 of the declarations agrees that the statements in the declarations are his agreements and representations, that this policy is issued in reliance upon the truth of such representations and that this policy embodies all agreements existing between himself and the company . . . . " Construing these various provisions together, the defendant company argues that its policy provides insurance only with respect to the use of the 1960 Valiant described in the declarations.

The evidence was that the policy issued by Standard was a

renewal policy, and that the information in the declarations was supplied by Standard's issuing agent. While Lottie was doubtless bound by the statements in the declarations because of her acceptance of the policy, the statement regarding the "total" number of automobiles owned by the "named insured" on the effective date of the policy is not controlled by the definition of named insured which appears only in the policy itself. On the declarations sheet, "Item 1" was headed "Name and Address of Insured." Only the name of Lottie M. Conant there appeared. The representation contained in Item 7 at the bottom of the declarations page to the effect that the total number of automobiles owned "by the named insured" does not exceed the number described in Item 4, would reasonably mean to the ordinary applicant for insurance the number owned by the insured named at the beginning of the declarations, there being no suggestion elsewhere therein that any other insured was involved. We are of the opinion that this interpretation of "named insured" as used in Item 7 of the declarations is binding upon the defendant insurer. *Golding-Keene Co.* v. *Insurance Company,* 96 N. H. 64, 66; *Hoyt* v. *Insurance Company,* 92 N. H. 242, 243.

The definition of "named insured" found in the policy itself which "includes [the] spouse if a resident of the same household" of the "individual named in Item 1 of the declarations" is stated to be a definition "Under Part I" of the policy. Part I contains the "Liability" provisions of the policy. Thus the definition does not purport to extend to the declarations which are separate from the insuring provisions of Part I, or to the other "Parts" of the policy itself.

We find it significant that in Part III of the policy, headed "Physical Damage," which includes collision insurance, comprehensive insurance excluding collision, and insurance against other risks to property, appear the following provisions: "Definitions . . . The definitions of 'named insured' . . . 'owned automobile' . . . in Part I apply to Part III." This statement is immediately followed by: "Exclusions . . . This policy does not apply under Part III: . . . (d) to loss to a private passenger . . . automobile . . . owned by the named insured and not described in this policy . . . if the insured has other valid and collectible insurance against such loss . . . . "

No parallel exclusion is to be found in Part I of the policy. The plain implication is that automobiles "not described" in

the policy are to be considered to be insured under Part I, where they are not expressly excluded from coverage as they are in Part III. Unless such undescribed automobiles were to be insured as owned automobiles in the absence of exclusion, there was no occasion to expressly exclude them under Part III. See *American Universal Insurance Co.* v. *Costello,* (R. I.) 185 A. 2d 447, 449, 450; *Imperial Casualty & Indemnity Co.* v. *Relder,* 308 F. 2d 761, 766 (8th Cir. 1962).

Additionally it may be noted that the policy, by Condition 2, indicates that automobiles acquired after the effective date of the policy, and hence not described in the declaration, will be covered by the policy upon notice to the company within the policy period.

Considering the policy as a whole (*Lalos* v. *Tickler,* 103 N. H. 292, 295) we are of the opinion that Malcolm W. Conant's Chrysler sedan was an "owned automobile" within the meaning of the policy and that Standard is obligated to defend the pending law action, and is a co-insurer with the plaintiff company.

In the interpretation of this policy, the authorities of other jurisdictions furnish no material assistance. As counsel have pointed out the "family combination automobile policy," when first used, contained more liberal features of coverage than the prior "standard" policy. Comment, 37 Neb. L. Rev. 581. A number of Louisiana decisions construing family combination policies appear to turn in part upon a local administrative requirement that the exclusion of any owned automobiles must be by separate endorsement to be effective. Yet in *Indiana Lumbermens Mutual Ins. Co.* v. *Russell,* 243 La. 189, 142 So. 2d 391, the court found coverage of an undescribed automobile without regard to the administrative ruling, on the ground that the insuring clause was free from ambiguity and enforceable as written, regardless of any conflict with statements in the declarations. See also, *Beasley* v. *Wolf,* (Fla. App.) 151 So. 2d 679.

Other cases cited by the parties involve the status of automobiles acquired by a named insured after issuance of the policy, and on this account are distinguishable from the case at bar because involving additional or after acquired automobiles. *Imperial Casualty & Indemnity Co.* v. *Relder,* 308 F. 2d 761 (8th Cir. 1962) *supra; American Universal Insurance Co.* v. *Costello,* (R. I.) 185 A. 2d 447, *supra.* See also, *Mattox* v. *Pennsylvania Thresh. & F. Mut. Cas. Ins. Co.,* 276 Ala. 172, 160 So. 2d 458; *Quaderer* v. *Integrity Mut. Ins. Co.,* 263 Minn. 383.

A revised form of a family combination policy in use in 1961 defined "owned automobile" as a "private passenger . . . automobile described in the policy." *Nationwide Mutual Ins. Co.* v. *Akers*, 340 F. 2d 150, 154, 155 (4th Cir. 1965). See also, *Lalos* v. *Tickler*, 103 N. H. 292, 293, *supra; Fullerton* v. *Houston F. & C. Ins. Co.*, (Cal. App.) 234 A.C.A. 874 (No. 6). Had the policy at bar contained such a definition, the contentions of Standard Accident would carry greater conviction. *Nationwide Mutual Ins. Co.* v. *Akers, supra.*

In declining to adopt those contentions, we do not overlook the decisions cited by Standard in support of its views: *Iowa National Mut. Ins. Co.* v. *Fidelity & Cas. of N. Y.*, (Iowa) 128 N. W. 2d 891; *Preferred Risk Mutual Ins. Co.* v. *Continental Ins. Co.*, 172 Neb. 179; *Smith* v. *Stewart,* (N. Y.) 21 App. Div. 2d 551.

*Remanded.*

All concurred.