MERCHANTS MUTUAL INSURANCE COMPANY, Plaintiff, *v.* FACTORY MUTUAL LIABILITY INSURANCE COMPANY, Defendant.

Supreme Court, Erie County, December 29, 1966.

*Gleason & O'Connor (Raymond V. O'Connor* of counsel), for plaintiff. *Pottle, O'Shea, Adamson & Reynolds (Philip J. O'Shea* of counsel), for defendant.

HAMILTON WARD, J. This is an action for money damages tried without a jury on an agreed statement of facts. This constitutes the findings essential to a decision, leaving only the determination of a mixed question of fact and law.

The facts essential to a decision are as follows:

Mr. B. and Mrs. B. are husband and wife. At the pertinent times they lived together with their two minor sons in a common domicile. Mr. B. was registered owner of a Buick sedan automobile, more fully described in Item 4 of the Declarations found in the policy of insurance issued by the defendant and referred to therein as "the owned automobile". Mrs. B. was the registered owner of a Chevrolet automobile, more fully described in Item 4 of the Declarations found in the policy of insurance issued by the plaintiff and referred to therein as " the owned automobile ". Each of these policies is commonly known as a " Combination Family Automobile Policy ". Each policy limited the liability of each carrier to $20,000 for bodily injury or death to one person with a maximum of $40,000 for each occurrence. Each Declaration recited that the total number of passenger automobiles owned by the insured (Item 5, Merchant's policy; Item 3, Factory's policy) was the owned automobile described therein unless otherwise stated. No exception is stated. Each policy contains the following description of persons insured essential to a decision here:

(a) With respect to the owned automobile.

1. The named insured and any resident of the same household.

Each policy defined the named assured as meaning " the individual named in Item 1 of the Declarations and also includes the spouse if a resident of the same household."

Each policy defined "owned automobile" as meaning "a private passenger * * * automobile * * * owned by the named insured".

Each policy provided as to "other insurance", "If the insured has other insurance against a loss covered by Part 1 of this policy, the company shall not be liable under this policy for a greater proportion of such loss than the applicable limit of liability stated in the Declarations bears to the total applicable limit of liability of all valid and collectible insurance against such loss; provided, however, the insurance with respect to a temporary substitute automobile or a non-owned automobile shall be excess insurance over any other valid and collectible insurance". Each policy provided for subrogation under Part I (liability): "In the event of any payment under this policy, the company shall be subrogated to all the insured's rights of recovery therefor against any person or organization and the insured shall execute and deliver instruments and papers and do whatever else is necessary to secure such rights. The insured shall do nothing after loss to prejudice such rights."

By agreement, the parties here stipulate that the plaintiff is a proper party plaintiff because of this provision as to subrogation. This court accepts this stipulation as the law of the case but by such acquiescence does not agree that such is the law.

It is noted that this action is the only action, in any of the authorities cited and examined, wherein the plaintiff has sought money damages in an action at law. Other plaintiffs in actions involving similar questions of interpretations have petitioned for a declaration thereof by way of a declaratory judgment. It seems to this court, without so holding, that such is the proper proceeding. Then, all questions concerning interpretation are before a court without a jury instead of in an action at law before a jury. (Jury waived here.)

In paragraph "Fourteenth" of the complaint, plaintiff contends "There was co-insurance offered by the policies of insurance issued by the plaintiff and by the defendant to Esther Bellersheim and Thomas J. Bellersheim for the accident of January 1, 1959 and resulting claims." Query: If the plaintiff is correct in this contention, should not an injured person in a like situation bringing an action against one insured have the right to notice of the coinsurance when negotiating a settlement or in the event that the injured person has recovered judgment in excess of the coverage extended to the defendant in such an action, and further should such injured person have the right to call upon the coinsurance carrier for contribution towards such judgment when in excess of a coverage in a primary policy?

Each policy provided under Declarations: "By acceptance of this policy, the insured named in Item 1 of the Declarations agrees that the statements in the Declarations are his agreements and representations that this policy is issued in reliance upon the truth of such representations and that this policy embodies all agreements existing between himself and the company or any of its agents relating to this insurance."

While both policies were in full force and effect, the Chevrolet automobile driven by Thomas B., the resident son of Mr. and Mrs. B., and with her consent, was involved in a one-car collision, injuring a passenger. The passenger brought an action against Thomas B. and Mrs. B. and Merchants notified Factory in writing of the action and called for co-operation in defense of the action and contribution and settlement or satisfaction of any judgment. Factory in writing refused and denied any liability under the terms of its policy. The action was settled for $13,500 and Merchants assesses its costs of defense at $1,101.65. By this action plaintiff demands judgment against Factory in the amount of $7,300.82. This represents 50% of the total cost to Merchants.

Merchants bases its claims on the following interpretation of the policy Factory issued to Mr. B., the registered owner of the owned automobile, the Buick passenger automobile. Mrs. B., as spouse of Mr. B. living together, is a named insured by the definitions and terms of the policy issued by Factory. She owned a private passenger automobile, the Chevrolet described in Merchants' policy at the time of the accident and claimed by Merchants to be included in the coverage extended by Factory to Mr. B., as an "owned automobile". Factory therefore, according to plaintiff, owed a duty to co-operate in the defense of Mrs. B. and to contribute to the settlement, as a named insured of an owned automobile, and that Factory's policy constituted "other insurance" for her benefit to which Merchants is subrogated. Plaintiff contends that Factory's policy does not constitute excess coverage, but double coverage and that since the limits of liability under both policies are identical, the cost to Merchants should be shared equally by Factory under its policy.

Factory, by its answer, denies the above contentions of Merchants and pleads as a separate defense that in truth and in fact, the Chevrolet automobile, although registered in the name of Mrs. B., was owned by her son, Thomas B., the resident son of Mr. and Mrs. B.

Judgment may follow dismissing this defense on the authority of *Shuba* v. *Greendonner* (271 N. Y. 189). In that case, a

registered owner attempted to renounce ownership in an effort to escape liability to a third party. The Court of Appeals of this State wrote (p. 194): "To allow that would be contrary to our public policy and nullify the statutory regulations." The situation here was not before the court in that case. However, this court holds that *Shuba* v. *Greendonner* establishes the public policy of this State and that ownership is conclusively in a registered owner for all purposes concerning such ownership.

The controlling issue here is: Was the Chevrolet automobile owned by Mrs. B. an "owned automobile" insured under the policy issued by defendant Factory to Mr. B.? Plaintiff relies heavily on *Merchants Mut. Ins. Co.* v. *Standard Acc. Ins. Co.* (106 N. H. 504). This is the only case cited by plaintiff to this court. However, plaintiff attempts to distinguish the following cases cited by defendant: *Smith* v. *Stewart* (21 A D 2d 551); *Wise* v. *Strong* (341 S. W. 2d 633 [Mo. 1960]); *Preferred Risk Mut. Ins. Co.* v. *Continental Ins. Co.* (172 Neb. 179); *Imperial Cas. & Ind. Co.* v. *Relder* (308 F. 2d 761); *Iowa Nat. Mut. Ins. Co.* v. *Fidelity & Cas. Co. of N. Y.* (256 Iowa 723).

This court has carefully examined *Merchants Mut. Ins. Co.* v. *Standard Acc. Ins. Co.* (*supra*) and finds it cannot agree with the conclusion reached therein by the Supreme Court of the State of New Hampshire or with the manner in which it reached the conclusion. An insurance policy such as here and in that case is an entity; the declarations and the insurance agreement must be read and interpreted together; one cannot be separated from the other. Representations made in the declarations are an integral part of the contract of insurance and cannot be separated from the agreement portion.

*Smith* v. *Stewart* (*supra*) is controlling here although the factual situation differs. The Appellate Division of the Second Department was called upon to interpret the same controlling portions of a declaration and agreement in a policy identical to the language in the agreement here. There, the question was, did that policy cover another passenger automobile owned by the assured, but not described in the declarations as "the owned automobile"? There the insured owned a second automobile not described in the policy. The court held that the article "the" when referring to the owned automobile limited the number of insured automobiles to that specifically described automobile in the declarations and contrasted the use of the adjective "any" when referring to a nonowned automobile which could include any number of nonowned vehicles in part wrote (p. 554): "The insuring clause uses the definite article 'the' in describing an owned automobile whereas the word

' any ' is employed to extend coverage to nonowned automobiles. It would seem that the same adjective, denoting an undetermined number, which is used in the case of automobiles operated but not owned by the insured would have been chosen to include those owned but unlisted in the declaration if such had been intended. In our judgment the word choice cannot be regarded as casual but must be given significancy of major dimension in ascertaining the intent of the parties to the agreement. Declaration 4 is intended to identify the motor vehicles to which the initial coverage provided by the policy attaches. It would serve little purpose if interpreted to include also an unnamed automobile owned by the insured on its effective date. Moreover, Condition 17 of the policy states that its issuance by the insurer is in reliance upon the truth of the statements contained in the Declarations.''

I adopt the agreed statement of facts (summarized above) as the findings of the court essential to a decision, and I conclude that the Chevrolet automobile owned by Mrs. B. is not an '' owned automobile '' included within the coverage extended to Mr. B. by defendant Factory's policy. Thus, there is no '' other insurance '' to which plaintiff is subrogated.

Motion by defendant for a directed verdict dismissing the complaint is granted. Motion by plaintiff for a directed verdict is denied.