THOMAS, Justice.
We need deal with but one phase of this litigation, the fee allowed to petitioner’s attorney, or more specifically, the manner in which it was determined. And the relevant facts are very simple.
The deputy commissioner found that the petitioner had secured many benefits as the result of the employment of the attorney which justified the assessment of a fee of $1900. He recited in his final order, 13 February 1961, that the preceding month attorneys, for all parties had been advised of his intention to make an award and had been requested to secure affidavits relative to the amount of the fee that would be reasonable. The claimant’s attorney complied on 26 January but counsel for the employer and carrier did not. Instead on 31 January they filed a motion requesting a hearing on the matter of compensation of claimant’s attorney charging that the affidavits presented constituted hearsay testimony and if accepted would preclude the opportunity of cross-examination of the affiants. This motion was denied by the deputy, four days before the entry of the final order, on authority of the opinion of this court in Florida Silica Sand Co. et al. v. Parker et al., 118 So.2d 2, in which it was said that in the event the parties could not agree on the amount of a reasonable fee, evidence to establish it could be “obtained either by deposition or by affidavit of qualified and experienced lawyers.”
It is this decision upon which the petitioner now relies to upset the order of the Full Commission holding that the deputy erred in accepting the affidavits in the face of timely objection and without the opportunity of cross-examination, therefore, reversing the order of the deputy commissioner in this respect and directing the deputy to entertain testimony on the amount of the fee.
We are impelled to uphold the Commission’s order not only on reason but also in view of what this court has just decided in the case of LeForgeais v. Erwin-Newman Co. et al., Fla., 139 So.2d 401, qualifying the decision in Florida Silica Sand Co. et al. v. Parker et al., supra, to the extent of approving the procedure of proving fees by affida *879 vit and the like only in the absence of a dispute about the amount, in which event qualified lawyers must he produced to testify on the subject and to submit to cross-examination.
In the present case there was a formal motion for a hearing on the matter of fees and a definite protest against the use of affidavits, so the deputy should have conducted a hearing and made the witnesses available for cross-examination.
, It should he specially noted in fairness to the deputy commissioner that he, of course, did not have the advantage of the decision in the latter case when he ruled in the instant contest.
The petition for certiorari is denied.
ROBERTS, C. J., DREW and O’CON-NELL, JJ., and MASON, Circuit Judge, concur.