166 So.2d 620 (1964)
Hyron E. COLEMAN and Viva S. Coleman, his wife, Appellants,
v.
ATLANTIC NATIONAL INSURANCE COMPANY, a Florida corporation, Appellee.
No. 64-59.
District Court of Appeal of Florida. Third District.
August 4, 1964.
*621 James W. Matthews, Miami, for appellants.
Weinstein & Weissenborn, Miami, for appellee.
Before BARKDULL, C.J., HORTON, J., and BALABAN, HENRY L., Associate Judge.
PER CURIAM.
By this appeal, the plaintiffs in the trial court seek review of an adverse final judgment [or decree] rendered in a chancery action, wherein the complaint as amended sought a declaration from the chancellor that the appellee, defendant in the trial court, was responsible to them under certain policies of insurance.
The material facts giving rise to this action are undisputed. The record on appeal reveals the following: That on October 13, 1960 the appellants purchased a policy of insurance from the appellee. Said policy contained liability provisions and described the automobile as a 1959 Oldsmobile, which was then and at all time material hereto owned by the appellants. This policy was subsequently renewed on its anniversary for a 12-month period, on October 13, 1961 and on October 13, 1962, the latter being the policy involved in the instant case. This policy was complete within its four corners and not simply an endorsement of an additional 12-month period of coverage.
In August of 1961, the appellant, Viva S. Coleman, purchased a 1960 Ford Falcon as an additional automobile. No notice of this purchase was ever given to the insurance company. In April, 1963, the appellant, Hyron E. Coleman, was operating the Falcon vehicle at which time he was involved in a rear end collision, resulting in property damage and personal injury. The plaintiffs were called upon to demonstrate financial responsibility, in accordance with applicable Florida statutes, and they called upon the appellee contending that they had coverage under the policy issued by the insurance company. The company denied coverage, and this action ensued. The pertinent provisions of the policy applicable *622 to this issue are set forth in footnotes.[*] Upon the matter coming on for hearing, the chancellor entered a final decree in favor of the defendant insurance company, and this appeal ensued.
The appellants urge error in the rendition of the decree [or judgment] upon the fact that the 1960 Falcon was a vehicle covered within the terms of the policy and cite, as authority for such coverage, Beasley v. Wolf, Fla.App. 1963, 151 So.2d 679, and Fischer v. Jefferson Insurance Company, Fla.App. 1963, 156 So.2d 777. Even though the opinion in the last cited case was ultimately quashed by the Supreme Court of Florida, the proposition that ambiguous insurance policies are construed against an insurance company was correctly stated.[1] We agree with this statement, but find it not applicable here under the facts, as admitted. It is apparent that at the time of the issuance of the policy covering the period when the accident occurred, the appellants were possessed of two motor vehicles. They still owned the 1959 Oldsmobile which was described in the policy, and they owned the 1960 Falcon which was not described in the policy, and they admitted they had never given the company notice of obtaining the latter vehicle.
We have examined Beasley v. Wolf, supra, and find this case distinguishable from the facts cited therein. It is apparent that the company could not deny a liability because of the failure to give notice under the reasoning in Beasley v. Wolf, supra, opinion. However, the distinguishing feature between the case sub judice and Beasley v. Wolf, supra, is that at the time of the issuance of the policy sued upon herein, to wit: October 13, 1962, the appellants [the insureds] had two automobiles in their possession and not just the 1959 Oldsmobile, whereas in the cited case the second [or additional] automobile was acquired after the issuance of the policy and was clearly within the terms of the policy and covered by its provisions, and the insured had not lost the right to recover therein because of the failure to give the 30-day notice. We hold that when an insured receives a policy which describes but one of his automobiles [then owned by him] the liability under said policy is limited to the vehicle described therein. A different situation is present when an insured secures an additional automobile [or a replacement or substitution automobile] after the issuance of a policy, and possibly a different result would obtain if, in renewing a policy, it had been accomplished solely by the issuance of an endorsement to the original policy extending the period of coverage. However, we are not required to answer this proposition, as the policy involved in the instant case was complete on its face and within its four corners.
We have examined the appellants' contention relative to the financial responsibility *623 provisions of the law, in light of Howard v. American Service Mutual Insurance Company, Fla.App. 1963, 151 So.2d 682. However, we find the terms of the policy in the instant case to be different than the terms of the policy involved in the cited case. Therefore, the final judgment [or decree] here under review is hereby affirmed.
Affirmed.
NOTES
[*] "IV. * * *

"(a) Automobile. Except with respect to division 2 of coverage C and except where stated to the contrary, the word `automobile' means:
* * * * *
"(4) Newly Acquired Automobile  an automobile, ownership of which is acquired by the named insured or his spouse if a resident of the same household, if(i) it replaces an automobile owned by either and covered by this policy, or the company insures all automobiles owned by the named insured and such spouse on the date of its delivery, and (ii) the named insured or such spouse notifies the company within thirty days following such delivery date; but such notice is not required if the newly acquired automobile replaces an owned automobile covered by this policy. The insurance with respect to the newly acquired automobile does not apply to any loss against which the named insured or such spouse has other valid and collectible insurance. The named insured shall pay any additional premium required because of the application of the insurance to such newly acquired automobile."
* * * * *
[1] See: Jefferson Insurance Company v. Fischer, Fla. 1960, 166 So.2d 129, (opinion filed May 20, 1964).