173 So.2d 153 (1965)
PENNSYLVANIA THRESHERMEN & FARMERS' MUTUAL CASUALTY INSURANCE COMPANY, Appellant,
v.
Fred E. TRAISTER, II, Appellee.
No. 4711.
District Court of Appeal of Florida. Second District.
February 19, 1965.
On Rehearing March 31, 1965.
John G. Poole, Jr., and James J. Kenny, Miami, for appellant.
Jeanne Heyward and Robert Sturrup, of Dean, Adams & Fischer, Miami, for appellee.
SHANNON, Judge.
The defendant-insurer takes an appeal from a directed verdict in favor of the plaintiff wherein the lower court held that the plaintiff was covered by a policy written by the defendant.
*154 On March 8, 1961, the plaintiff obtained automobile insurance from the defendant which covered a six month period ending September 8, 1961. At this time the plaintiff owned a Buick which he listed on the policy. On April 14, 1961, the plaintiff purchased a truck, but did not notify the insurer. On September 8, 1961, when the policy expired, the plaintiff extended the coverage another six months on the Buick until March 8, 1962. In addition to extending the policy, the plaintiff changed two provisions of the policy relating to medical payments and family protection coverage. This raised the premium slightly. On February 15, 1962, the plaintiff was involved in an accident while driving the truck and the insurer denied that the plaintiff was covered. The lower court held that the plaintiff was covered, expressly grounding its decision upon the case of Beasley v. Wolf, Fla.App. 1963, 151 So.2d 679.
In the Beasley case the insured purchased an additional car in his own name for his minor son to use. His son was involved in an accident and a judgment was recovered against the father and son. The father had an insurance policy on which his own car was listed, but he had not notified the insurer when he purchased the car for his son. It appears that this policy contained an automatic insurance clause which provided that a newly acquired automobile would be covered if the insured notified the insurer within 30 days of the acquisition of such automobile. An appropriate premium adjustment would then follow. The Third District Court of Appeal held that even though the insured had not notified the company of the newly acquired vehicle, the insured was still covered for the accident involving the vehicle.
In Coleman v. Atlantic National Insurance Company, Fla.App. 1964, 166 So.2d 620, also decided by the Third District, the plaintiff had purchased automobile insurance on October 13, 1960, at which time he owned and listed on the policy an Oldsmobile. He renewed this policy for another 12 months on October 13, 1961, and again on October 13, 1962. In August of 1961 the plaintiff purchased an additional vehicle, a Ford, failing to notify the insurer, and in April of 1963, the plaintiff was involved in an accident while driving the Ford. The insurer denied coverage and in the ensuing litigation it was held on appeal that the policy did not cover this accident. The rationale was that the policy required the insured to notify the insurer within 30 days of the acquisition of another automobile, and since the plaintiff had not complied with this condition, he was not insured while driving that automobile. The pertinent provision of the policy stated:
"(4) Newly Acquired Automobile  an automobile, ownership of which is acquired by the named insured or his spouse if a resident of the same household, if (i) it replaces an automobile owned by either and covered by this policy, or the company insures all automobiles owned by the named insured and such spouse on the date of its delivery, and (ii) the named insured or such spouse notifies the company within thirty days following such delivery date; but such notice is not required if the newly acquired automobile replaces an owned automobile covered by this policy. * * *"
In the Beasley case, supra, decided by the Third District prior to the Coleman case, the "newly acquired automobile" provision in the policy was not stated, but it appears that these provisions were worded substantially the same in both Beasley and Coleman. The basis on which the Third District distinguished the two cases and came up with opposite results is found in the following language in the Coleman case:
"* * * However, the distinguishing feature between the case sub judice and Beasley v. Wolf, supra, is that at the time of the issuance of the policy sued upon herein, to wit: October 13, 1962, the appellants [the insureds] had two automobiles in their possession and not *155 just the 1959 Oldsmobile, whereas in the cited case (Beasley) the second [or additional] automobile was acquired after the issuance of the policy and was clearly within the terms of the policy and covered by its provisions, and the insured had not lost the right to recover therein because of the failure to give the 30-day notice. We hold that when an insured receives a policy which describes but one of his automobiles [then owned by him] the liability under said policy is limited to the vehicle described therein. A different situation is present when an insured secures an additional automobile [or a replacement or substitution automobile] after the issuance of a policy, * * *."
It appears from this opinion that the deciding factor is whether the automobile, the ownership of which has not been communicated to the company, is owned at the time the insured purchases or renews his policy. If the insured already owns the other automobile at the time of issuance or renewal of the policy, but doesn't notify the insurer, this automobile is not covered. If, however, the insured acquires another vehicle after coverage has been obtained by either issuance or renewal of a policy, he is covered, even though he does not comply with the provision that he must notify the insurer within 30 days.
In the present case the policy does not contain the provision that notice must be given within 30 days of the acquisition of a new automobile. The present contract provides, in part, under the heading "Conditions":
"If the named insured disposes of, acquires ownership of or replaces a private passenger, farm or utility automobile * * * he shall inform the company during the policy period of such change. Any premium adjustment necessary shall be made as of the date of such change in accordance with the manuals in use by the company." (Emphasis added).
In Imperial Casualty & Indemnity Co. v. Relder, (8th C.C.A., Mo. 1962) 308 F.2d 761, cited in Beasley, supra, a policy provided the exact same clause as is in the contract in the present case. In this case the insured had purchased another automobile, had an accident while driving it, and then notified the insurer of the acquisition, all this occurring within the policy period. It was held that notice to the company of the newly purchased automobile, even after the accident, was sufficient notice to afford coverage. The court stated:
"The policy provides for notice to the company only `during the policy period of such change,' an extremely liberal provision which undoubtedly the appellant used in its sales advertising by drawing comparison with standard policies requiring notice of change, acquisition or replacement of automobiles within a much more limited period. Further, the policy provided, `Any premium adjustment necessary shall be made as of the date of such change in accordance with the manuals in use by the company.'
"Appellant argues that to construe automatic coverage herein would throw the door open to possible fraud against the company by persons who acquired additional automobiles during the policy period but would not report them unless they became involved in an accident. There is indeed that possibility, but the policy is the appellant's own handiwork. The remedy, if it desires one, is obvious."
The present situation is distinguishable from the Imperial Casualty & Indemnity case because in the present case the insured did not notify the insurer "during the policy period of such change." He waited until the policy expired, renewed it, and then notified the company after an accident. He clearly failed to comply with *156 this condition of notifying the company within the policy period of the acquisition.
In the Beasley case, supra, wherein it was held that there was coverage, the court stated that the provision requiring 30 days' notice was ambiguous and therefore should be construed against the insurer. The language of the policy was not set out in the opinion. We find that the applicable portion of the policy in the present case, quoted above, is not ambiguous. It requires notice to the company during the policy period when the additional vehicle is acquired. The Eighth Circuit Court of Appeals in the Imperial Casualty & Indemnity case, supra, also found this same exact provision to be unambiguous. The opposite result in that case was grounded on the fact that the insured did give notice of the change within the policy period of the change, even though it was after the accident had occurred.
Our conclusion is somewhat in accord with the Coleman case, supra, decided by the Third District after the Beasley case, even though the policies were worded differently. In all fairness to the trial judge it should be pointed out that he expressly found coverage solely because of the Beasley case. The Coleman case was decided after the present case was tried.
When the plaintiff renewed his policy and made changes as to family coverage and medical payments, he had already acquired his truck, yet he did not request coverage for the truck. This left him with an automobile and a truck at the same time. If he had intended to cover both of them he would have attendant costs and also he should have notified the insurer at the time of the renewal, if not earlier. We find that the condition of the policy is free from ambiguity and that the plaintiff failed to comply with this condition thus precluding coverage.
Reversed.
ALLEN, Acting C.J., and TROWBRIDGE, C. PFEIFFER, Associate Judge, concur.

On Petition for Rehearing
SHANNON, Judge.
Appellant has filed a petition for rehearing which suggests that our opinion is in need of clarification. Our reversal of the directed verdict was solely on the ground that this case is distinguishable from the Beasley case, supra, on which the trial court relied heavily in directing a verdict. Another issue was presented as to whether the plaintiff actually had obtained coverage of the truck. In the record there appears an endorsement which lists both the car and the truck and provides the effective date of this coverage to be February 15, 1962, the same day as the accident. There is some evidence to the effect that this endorsement was backdated by mistake, and the circumstances surrounding this document are very uncertain. After reading the record when the original opinion was written, we thought that the trial judge would have directed a verdict for the defendant if it were not for the Beasley case, supra. Having again read the record, we conclude that it is not absolutely certain that he would have done so, although his remarks certainly suggest that he was of this view. Therefore, it is appropriate that we amend our opinion so as to reverse the directed verdict and remand the case for a new trial in order that the question concerning the validity and time of issuance of the endorsement may be decided.
The Petition for Rehearing is denied and our original opinion as herein modified is adhered to.
ALLEN, Acting C.J., and TROWBRIDGE, C. PFEIFFER, Associate Judge, concur.