200 So.2d 656

**Ray A. LAMBERT et al.**

v.

**ALABAMA FARM BUREAU MUTUAL CASUALTY INSURANCE COMPANY, Inc.**

6 Div. 432.

Supreme Court of Alabama.

June 22, 1967.

Thos. A. Smith, Jr., Cullman, for appellants.

St. John & St. John, Cullman, for appellee.

MERRILL, Justice.

This appeal is from a decree in a declaratory judgment proceeding in which the trial court held that the policy issued by the insurer, appellee, did not cover a vehicle which insured's son was driving when an accident occurred which produced property and personal injuries and possible liability. Appellants are the insured, Ray A. Lambert, and his son, Dale Lambert.

Ray Lambert had originally owned a 1951 Dodge automobile and later purchased a 1960 Falcon, both of which had been insured under policies issued by appellee. The policy on the Dodge had lapsed, but it was still located at Lambert's home. No tag had been purchased for the Dodge for 1963–64 but it had been driven some that year. It was inoperable at the time of the accident because its battery had been installed in a tractor. The policy on the Falcon was in force when the accident occurred on September 27, 1963, and that policy is the basis of this suit.

The question presented to the lower court was whether under the facts, the policy on the Falcon covered a 1953 Chevrolet which Dale Lambert was driving at the time of the accident. Due to a finding of the trial court as to ownership, the question presented to us is whether the "automatic" insurance clause or coverage on a "newly acquired automobile" in the policy on the Falcon applies to the Chevrolet.

On August 29, 1963, both appellants went to the home of Ben Brasher, Dale's grandfather and Ray Lambert's father-in-law, and obtained the 1953 Chevrolet from him. He was given a check for $100 as a down payment on the purchase price of $225, and the Lamberts took the Chevrolet with them and Dale used it to drive himself and his sisters to school and for other purposes.

At trial and on appeal, appellee argues that ownership of the Chevrolet by Ray Lambert was not proved, but the trial court specifically found that title to the Chevrolet was in Ray Lambert, and appellants argue here that such holding is correct. Even though that question is close, we accept the ruling of the trial court because the result can be sustained without a reconsideration of the question of title to the automobile.

The policy issued to Ray Lambert covered any relative residing in the same household and, thus, covered his son, Dale. The

ownership question settled, the only policy provision requiring attention is the following:

"Newly Acquired Automobile—means an automobile, ownership of which is acquired by the named insured if (1) it replaces an automobile owned by the named insured and covered by this policy, or the Company insures all automobiles owned by the named insured on the date of its delivery, and (2) the named insured notifies the Company within thirty days following such delivery date. The named insured shall pay any additional premium required because of the application of the insurance to such newly acquired automobile."

It is undisputed that the Falcon was the only automobile described in the policy and that the Chevrolet did not replace the Falcon. It is also undisputed that the named insured, Ray Lambert, still owned the Dodge automobile, so that all automobiles owned by him were not insured by the insurer. There is nothing ambiguous about these requirements and it is certain that appellant did not qualify or meet the requirements. It follows that the trial court correctly held that the policy did not afford coverage on the Chevrolet at the time of the accident.

The first three sentences of Section 4293, Appleman's Insurance Law and Practice, are applicable:

"The purpose of automatic insurance is to give coverage to persons who are already insured with the company in question upon acquiring a new vehicle. The coverage extends to the new acquisition when it replaces the sole automobile owned by the insured, when the insured owns a number of vehicles and all of them are insured with the company, or when several of the vehicles owned by the insured are covered by the policy and the new acquisition replaces one already covered. It does not apply to new vehicles which are in addition to those insured by the former coverages and which are not used as replacements, unless all vehicles of that insured are covered, in which event it is contemplated that a premium re-adjustment will be made."

Appellants argue that the trial court erred in its holding that the insurer was not notified of the acquisition of a newly acquired automobile until after the accident occurred and "until the condition of the parties had been substantially altered by the accident."

We agree with appellants that had the Chevrolet been a newly acquired automobile that the policy would have provided coverage whether the accident occurred the first day or the thirtieth day, and here, the company did receive notice of the newly acquired Chevrolet on the thirtieth day, the day after the accident occurred.

We cannot agree with the reason given by the trial court, but that does not amount to reversible error. A correct decision will not be disturbed because the court gave a wrong or insufficient reason therefor. Cherokee County v. Cunningham, 260 Ala. 1, 68 So.2d 507; Pitts v. Hawkins, 264 Ala. 428, 87 So.2d 835; Robinson v. Robinson, 273 Ala. 192, 136 So.2d 889.

Appellants cite three Florida cases, Beasley v. Wolf, Fla.App., 151 So.2d 679; Coleman v. Atlantic National Ins. Co., Fla. App., 166 So.2d 620, and Penn. Thresher-men & Farmers Mutual Casualty Ins. Co, v. Traister, Fla.App., 173 So.2d 153. They are cited as authority on the adequacy of notice, and since we have held that the notice in the instant case was sufficient, they require no discussion.

We hold that the insurance policy did not cover the Chevrolet as a newly acquired automobile, because the requirements of condition (1) in reference to newly acquired automobiles. Even if the 1951 Dodge was so inoperable at the time the Chevrolet was acquired that it could not be considered an automobile owned by the

insured, then Ray Lambert owned only one automobile, the Falcon, and the Chevrolet did not replace it, and there could be no coverage. If the Dodge be considered an automobile owned by the insured when the Chevrolet was acquired, then *all* automobiles owned by the insured at that time were not insured by appellee, and there would be no coverage under the policy.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and HARWOOD, JJ., concur.