226 So.2d 141 (1969)
AMERICAN FIRE AND CASUALTY COMPANY, a Florida Corporation, Appellant,
v.
David Raymond WILLIAMS, Appellee.
No. 67-531.
District Court of Appeal of Florida. Second District.
August 22, 1969.
*142 Clyde Goebel, of Grimes, Grimes, Goebel, Parry & Blue, Bradenton, for appellant.
R. Earl Warren, of Wood, Scheb, Whitesell & Drymon, Englewood, for appellee.
MANN, Judge.
The trial court held that a pick-up truck equipped with a camper body, which the insured borrowed for a family vacation, was a non-owned automobile within the meaning of and covered by his collision policy. That policy provided that a non-owned automobile for which collision damage was compensable must be a "private passenger automobile," which is defined as "a four wheel private passenger, station wagon or jeep type automobile." Appellant contends that it is a "utility automobile," which is defined as "an automobile, other than a farm automobile, with a load capacity of fifteen hundred pounds or less of the pick-up body, sedan delivery or panel truck type not used for business or commercial purposes."
Though the basis of the vehicle is a pick-up truck, it is equipped with a camper body, the purpose of which is to accommodate passengers rather than another type of load, and it is a hybrid vehicle which the policy itself does not specifically contemplate. Thus the trial court correctly resolved the ambiguity against the insurer. Here is what he said:
"The automobile in question was a Dodge Camper. These campers are not new to the automotive industry or to the public. Thousands move across the highways of this Nation every year as passenger automobiles, and the National Parks of this country are filled with them.
"The Florida law applicable to contracts of insurance is basically that where a contract of insurance is prepared and phrased by the insurer it is to be construed liberally in favor of the insured and strictly against the insurer where the meaning of the language is doubtful, uncertain or ambiguous. Firemen's [Firemans] Fund Insurance Company vs. Boyd [Fla.], 45 So.2d 499; Beasley vs. Wolf [Fla.App.], 151 So.2d 679. It is doubtful to this Court whether a camper is specifically excluded from the pertinent provisions of the Plaintiff's policy.
"This Court finds, therefore, that there is no general issue as to any material fact and that the Plaintiff is entitled to a Summary Judgment as a matter of law."
We find no error in this finding, nor is there merit in the cross-appeal alleging that the fee allowed the insured's attorney in the trial court was inadequate.
HOBSON, C.J., and LILES, J., concur.