WALDEN, Judge.
The protagonists are a bank (plaintiff-appellant) who owned a lien upon a certain automobile versus an insurance company (defendant-appellee), who had insured the automobile and provided theft coverage. The trial court entered summary judgment in favor of the insurance company. We reverse.
The automobile was stolen while in the hands of a bailee.
The owner filed a proof of loss statement with the insurance company authorizing payment of the insurance proceeds to the bank and to the bailee.
The insurance company refused to make any payment based upon their interpretation of their insurance policy and particularly Paragraph 7:
“7. No Benefit to Bailee: The insurance afforded by this policy shall not enure directly or indirectly to the benefit of any carrier or bailee liable for loss to the automobile.”
*102 The bank as lienholder stakes its right to recovery upon Paragraph 2:
“2. The insurance under this policy as to the interest only of the Lien-Holder shall not be impaired in any way by any change in the title or ownership of the property or by any breach of warranty or condition of the policy, or by any omission or neglect, or by the performance of any act in violation of any terms or conditions of the policy or because of the failure to perform any act required by the terms or conditions of the policy or because of any false statement concerning this policy or the subject thereof, by the insured or the insured’s employees, agents or representatives; whether occurring before or after the attachment of this agreement, or whether before or after the loss;”
Paragraph 2 above is a “standard” or “union” form of mortgage clause rather than an open loss clause. Insurance policies stipulating that the mortgagee’s insurance interest shall not be invalidated by any act or neglect of the mortgagor or owner of the property, or change in title or ownership of the property are known as union or standard mortgage clauses. 18 Fla.Jur., Insurance, § 584 (1971). In Fire Association of Philadelphia v. Evansville Brewing Association, Fla.1917, 73 Fla. 904, 75 So. 196, the Supreme Court described a clause similar to Paragraph 2 as a standard or union clause:
“The policies contained the following, known as the ‘standard or union mortgage clause’: ‘This insurance, as to the interest of the mortgagee * * * only therein, shall not be invalidated by any act or neglect of the mortgagor or owner of the within described property * * * nor by any change in the title or ownership of the property: * * * Provided * * * that the mortgagee * * * shall notify this company of any change of ownership or occupancy * * * which shall come to the knowledge of said mortgagee.’ ”
The Florida Supreme Court, in Glens Falls Insurance Co. v. Porter, 44 Fla. 568, 33 So. 473 (1902), held that a similar clause in a fire insurance policy enabled the mortgagee to recover under circumstances that would defeat recovery by the mortgagor or owner. In that case, the insurance company was forced to pay the mortgagee, even though the owner-insured had failed to file the required proof of loss during the requisite time period.
To us this is simply a matter of common sense. The lienholder’s right to recovery of its lien interest should not be defeated by the owner’s conduct in entrusting the vehicle to a negligent or irresponsible bailee, all unbeknownst and without the control of the lienholder.
A basic premise of contract law is that the intent of the parties should govern. In Underwood v. Underwood, Fla.1953, 64 So.2d 281, the Supreme Court, in interpreting a property settlement, stated that a court should consider the object or purpose of the contract in order to determine intent. The apparent object of Paragraph 2, a standard or union contract, is to protect the lienholder’s interests.
We believe the two clauses are independent and not in conflict. Paragraph 7 authorizes the company to not pay the bailee. While the record seems clear that the bailee was not in fact to receive any of the proceeds, we do not here determine that matter and leave same for trial court decision on remand as, at best, there may be some question as to it which should not be summarily determined.
It is our holding that the bank is entitled to recover its claim under the guarantees of Paragraph 2. Further, the bailee responsible for the loss is not entitled to any payment because of Paragraph 7. These holdings should be administered in the light of the facts adduced at trial.
The summary judgment was prematurely and incorrectly entered and same is re *103 versed and the case remanded for further proceedings consistent herewith.
Reversed and remanded.
OWEN and MAGER, JJ., concur.