284 So.2d 474 (1973)
PENNSYLVANIA NATIONAL MUTUAL CASUALTY INSURANCE COMPANY, a Foreign Corporation, Appellant,
v.
Dennis John RITZ et al., Appellees.
John F. RITZ, Appellant,
v.
Frederick G. WILSON et Ux., et al., Appellees.
Nos. 72-909  72-911, 72-979.
District Court of Appeal of Florida, Third District.
October 30, 1973.
*475 Robert H. Crary and Jeanne Heyward, Miami, for Pennsylvania National.
Frates, Floyd, Pearson, Stewart, Proenza & Richman, and John M. Brumbaugh, Miami, for John Ritz.
Bradford, Williams, McKay, Kimbrell, Hamann & Jennings, and Joseph W. Womack, Miami, for Dennis John Ritz and Glen Falls.
High, Stack, Davis & Lazenby and Norman Segall, Miami, for Wilson.
Before BARKDULL, C.J., and CHARLES CARROLL and HENDRY, JJ.
HENDRY, Judge.
This is a consolidated appeal from a summary judgment holding that the insurer *476 owed coverage to defendants and that defendant, John Ritz, was vicariously responsible for any alleged acts of negligence of his son, Dennis Ritz.
On July 15, 1971, plaintiff Wilson was involved in an automobile accident in Dade County with Dennis Ritz, a minor. Dennis was operating a 1970 Plymouth registered in the name of his father, John Ritz. Wilson and his wife sued Dennis and John Ritz, and joined as defendants Glen Falls Insurance Company, the insurer of the Plymouth, and appellant-Pennsylvania National Mutual Casualty Insurance Company (hereinafter Pennsylvania), insurer of John Ritz' 1967 Pontiac. All the defendants answered and denied negligence. However, Pennsylvania denied coverage of the Plymouth, and John Ritz claimed the Plymouth was beneficially owned by Dennis who maintained exclusive possession, use, control, dominion and custody of the automobile.
Thereafter, Pennsylvania filed a declaratory relief action seeking to determine that it did not provide coverage for the accident. This suit was consolidated with the principal action, and defendants, the Ritzes and Glen Falls moved for a summary judgment on the issue of coverage against Pennsylvania. The trial judge entered the following orders from which appeal is taken: (1) an order granting summary judgment to the Wilsons, Glen Falls, and the Ritzes holding, as a matter of law, that Pennsylvania's policy provided coverage to the Ritzes; (2) an order consolidating the action for declaratory relief with the principal action; (3) an order of dismissal and final summary judgment as to limited issues: (a) dismissal with prejudice of Pennsylvania's declaratory action; (b) granting the Wilsons' motion for partial summary judgment on the issue of vicarious liability of John Ritz should his son be found negligent; (c) granting the motions for summary judgment of the Ritzes and Glen Falls finding John Ritz the owner of the Plymouth at all times relevant; Dennis Ritz as the operator of the vehicle with the knowledge, permission and consent of his father; and Pennsylvania to owe coverage and defense to both John and Dennis Ritz.
John Ritz also seeks review of that portion of the order holding him vicariously liable for the negligence of his son. This appeal has been consolidated with the three appeals of Pennsylvania.
The evidence before the trial court showed that at the time of the accident Dennis Ritz did not live with his father. Moreover, Dennis operated and retained exclusive control over the Plymouth, made monthly payments on the vehicle, and paid the premiums to Glen Falls, which has admitted coverage, for the insurance on the car. The son was unable to purchase the automobile in his own name, since he was a minor; therefore John Ritz signed the conditional sales agreement and papers for him.
Further testimony revealed that John Ritz had previously purchased a 1965 Chevrolet for Dennis and insured the vehicle under his Pennsylvania policy. However, after an accident involving the Chevrolet, John Ritz was advised by his insurance agent that it would be more economical to insure the automobile with another insurance company. Mr. Ritz subsequently removed his son from his policy, and Dennis' Chevrolet was placed under a separate policy with Dairyland Insurance Company. When Dennis obtained the Plymouth, the car again was placed under a short term policy with Dairyland, then later under a policy issued by Glen Falls.
Appellant John Ritz argues that he should not be held vicariously liable for any alleged negligence of Dennis because the presumption of ownership which accompanied his holding of the bare legal title has vanished. The father contends that every other indicia of ownership supports Dennis' sole ownership. We cannot agree.
In Hertz Corporation v. Dixon, Fla. App. 1966, 193 So.2d 176, one Gibbs had signed a conditional sales contract only as *477 a guarantor for his brother-in-law, Dixon, a minor. All other indicia of ownership remained in Dixon and on the night of the accident, Gibbs was asleep at home. The court held Gibbs liable, stating:
"Here, not only was Gibbs one of the record title holders, but in fact had put in motion and made possible the operation of the automobile by Dixon, who, as a minor, could not have bought the automobile. Not only did Dixon operate the car as a co-owner, but with the knowledge, consent and direct participation by Gibbs in the acquisition of title."
Therefore, we hold that John Ritz, as record title holder, was vicariously liable for the alleged negligence of his son involving the Plymouth automobile. See also Metzel v. Robinson, Fla. 1958, 102 So.2d 385. Accordingly, we affirm the trial court's ruling on this issue.
However, we are unable to agree with the court's order that Pennsylvania owed coverage to the Ritzes in this accident. Appellees have relied upon the terms of the policy, specifically the "automatic insurance" coverage provisions.[1] They argue that even though the Plymouth was not listed on the face of John Ritz' policy, the car was covered because after the accident Pennsylvania was notified of the acquisition of the vehicle "during the policy period."
We recognize the axiom that ambiguities in an insurance policy are strictly construed against the insurer and liberally in favor of the insured. However, we think that upon the facts of the instant case the policy is unambiguous, and the intent of the parties is clear and should govern. See Bank of Commerce v. Occidental Fire & Casualty Co., Fla.App. 1972, 264 So.2d 101.
The Second District Court of Appeal in Martin v. Nationwide Mutual Fire Insurance Co., Fla.App. 1970, 235 So.2d 14, considered the purposes underlying "automatic insurance" provisions in automobile liability insurance contracts. The court said:
"First, they are intended to meet the need for maintaining coverage in light of the recognized custom of automobile owners of acquiring additional automobiles by purchase or trade during the life of their policies. Coverage is provided for the newly acquired car at the earliest time the insured needs protection [citation omitted]. As such, the provision is for the benefit of the insured, and is meant to broaden rather than to restrict coverage [citation omitted]. Secondly, they prevent double recovery on the part of the insured when the insured owns two or more automobiles, each insured with a different company, and replaces one with a newly acquired automobile. See Michel v. Aetna Casualty & Surety Company, 10th Cir.1958, 252 F.2d 40."
The evidence demonstrated that John Ritz renewed his policy with Pennsylvania effective January 29, 1971 to January 29, 1972. The policy listed a 1967 Pontiac. At some time prior to issuance *478 of this policy, John and Glenn Ritz had elected, upon advice by their insurance agent, not to insure their automobiles jointly with Pennsylvania because the premium would be too expensive. Thereafter, when the Plymouth was purchased, the Ritzes again chose to insure the vehicle under a separate policy.
A determinative factor in deciding whether or not an automobile is covered by an insurance policy appears to be whether the ownership has been acquired at the time the insured purchases or renews his policy. See Pennsylvania Thresh. & F. Mut. Cas. Ins. Co. v. Traister, Fla. App. 1965, 173 So.2d 153. If the insured already owns the other automobile at the time of issuance or renewal of the policy, but doesn't notify the insurer, this automobile is not covered. Ibid.
In this case, the Ritzes clearly intended not to have Pennsylvania cover Dennis' Plymouth. To extend coverage would afford a double recovery. Like all other contracts, insurance contracts should receive a construction that is practical, reasonable, and just. Allison v. Imperial Casualty and Indemnity Co., Fla.App. 1969, 222 So.2d 254, 256.
Our conclusion that Pennsylvania does not owe coverage in this case makes it unnecessary for us to consider whether consolidation of the declaratory relief action with the principal action was proper.
For the reasons stated and upon the authorities cited and discussed, the summary judgment finding John Ritz vicariously liable for any alleged negligence of his son, Dennis Ritz, is affirmed. The order of summary judgment entered against Pennsylvania holding, as a matter of law, that it owed coverage and defense to the Ritzes is reversed.
Affirmed in part; reversed in part.
NOTES
[1] Appellees specifically relied upon paragraph (c)(2) of the automatic insurance provisions of the Pennsylvania policy which read:

"`owned automobile' means:
"(a) a private passenger, farm or utility automobile described in this policy for which a specific premium charge indicates that coverage is afforded.
"(b) a trailer owned by the named insured.
"(c) a private passenger, farm or utility automobile, ownership of which is acquired by the named insured during the policy period, provided (1) it replaces an owned automobile and defined it in (a) above, or (2) the company insures all private passenger, farm or utility automobiles owned by the named insured on the date of such acquisition and the named insured notifies the company during the policy period or within (30) days after the date of such acquisition of his election to make this and no other policy issued by the company applicable to such automobile, or
"(d) a temporary substitute automobile."