Acela **GARROTE**, Plaintiff-Appellant,

v.

**LIBERTY MUTUAL INSURANCE COM-PANY**, Defendant-Appellee.

No. 73–2994.

United States Court of Appeals,
Fifth Circuit.

July 5, 1974.

Edward A. Perse, Alan R. Schwartz, Arnold R. Ginsberg, Miami, Fla., for plaintiff-appellant.

Edward L. Magill, John P. Wiederhold, Miami, Fla., for defendant-appellee.

Before BROWN, Chief Judge, and GODBOLD and RONEY, Circuit Judges.

RONEY, Circuit Judge:

Relying on a single Florida case, Mrs. Acela Garrote asserts that contrary to the decision of the District Court, her automobile liability insurance policy should cover an accident she had while driving an automobile which was acquired after the policy was issued.

The crucial decision in the case is whether the language of the policy requiring notice to the company within 30 days of the acquisition of a new automobile is ambiguous and must be construed against the company under the holding of Beasley v. Wolf, 151 So.2d 679 (Fla.Dist.Ct.App.1963). Deciding that the District Court correctly held the language of the policy to be clear and unambiguous, we affirm the holding that failure to give the 30-day notice required by the policy rendered Mrs. Garrote's after-acquired automobile uninsured.

While driving a 1963 Ford Falcon, Acela Garrote was involved in an automobile accident injuring her passenger, Mrs. Gaetan. Garrote's insuror, Liberty Mutual, the appellee, denied coverage on the ground that the Falcon was not listed in the policy declarations and Garrote had not complied with the policy condition that after-acquired vehicles be reported to the company within 30 days of acquisition. A $48,000 Florida state court judgment against Garrote in favor of her passenger, Mrs. Gaetan, precipitated this suit against Liberty Mutual by Garrote. The District Court held that Garrote's Falcon was not covered by the Liberty Mutual policy since she had not complied with the unambiguous terms of the insurance policy requiring notification of after-acquired vehicles.

Garrote relies on Beasley v. Wolf, 151 So.2d 679 (Fla.Dist.Ct.App.1963) for reversal. In that case, Wolf attempted to recover the amount of a judgment entered against him due to his son's negligent operation of a 1956 Ford from the

Keystone Insurance Company with whom he had a "family policy." His son's Ford was acquired after the effective date of the policy and its acquisition was not reported within 30 days. The Florida District Court of Appeal held, however, that Wolf's failure to notify Keystone did not eliminate liability because the 30-day notice requirement was ambiguous and, construing the ambiguity against the company, no 30-day notice was required as a condition of coverage.

As to the failure of Rudolph Wolf to comply with that condition of the policy requiring the named insured to inform the company within thirty days of acquiring an additional automobile, we hold that under the facts of this case such failure does not eliminate liability for an accident involving a car owned by the named insured but not listed on the face of the policy. It is to be noted that this condition is titled "Premium" and the sentence following the thirty-day notice requirement has to do with necessary premium adjustment. Thus, at the very least, it is a requirement which has an ambiguous function; and under the rule stated before, such ambiguity must be resolved in favor of the insured.

151 So.2d at 681.

A comparison of the Beasley policy with the Garrote policy reveals a substantial difference which distinguishes the *Beasley* holding from the case at bar. The notice provision in *Beasley* was under the premium section of the policy, but in the case at bar it is under the described automobile section. We think this crucial difference makes the Florida court's finding of ambiguity as to the requirement of notice for coverage in *Beasley* not inconsistent with our District Court's finding of no ambiguity in this case.

Although the premium provision of the Beasley policy was not quoted in the state court opinion, we requested copies of the state record and found that the policy provided as follows:

2. Premium . . . If the named Insured acquires ownership of an additional private passenger, farm or utility automobile . . ., he shall inform the Company within thirty days following the date of its delivery. Any premium adjustment necessary shall be made as of the date of such change or acquisition in accordance with the manuals in use by the Company.

The Florida court felt the 30-day notice could well apply only to premium adjustment and was not clearly a condition to coverage.

In the Garrote policy, however, there is a clear provision as to newly acquired automobiles under the section defining what vehicles will be covered, as follows:

IV. Automobile Defined, Trailers, Private Passenger Automobile, Two or More Automobiles, Including Automatic Insurance

(a) Automobile. Except with respect to division 2 of coverage C and except where stated to the contrary, the word "automobile" means:

(1) Described Automobile—the motor vehicle or trailer described in this policy; . . .

(4) Newly Acquired Automobile—an automobile, ownership of which is acquired by the named insured or his spouse if a resident of the same household, if (i) it replaces an automobile owned by either and covered by this policy, or the company insures all automobiles owned by the named insured and such spouse on the date of its delivery, and (ii) the named insured or such spouse notifies the company within thirty days following such delivery date; . . . The named insured shall pay any additional premium required because of the application of the insurance to such newly acquired automobile.

Since the notification requirement in

*Beasley* could either apply to necessary premium adjustments or as a prerequisite for proper coverage, the court resolved the ambiguity in favor of the insured. In Garrote's policy, however, the notification requirement is listed under the "Automobile" definitional section and lends itself to no such ambiguous construction. We are unpersuaded by Garrote's argument that the definitional provision is rendered ambiguous by its closing phrase which requires the insured to pay any additional premiums flowing from the acquisition of the newly acquired automobile.

We might note that we agree with appellants that this case is not controlled by two cases cited by appellees, which hold for the insurance company, Coleman v. Atlantic National Ins. Co., 166 So.2d 620 (Fla.Dist.Ct.App.1964), and Pennsylvania Threshermen and Farmers Mutual Casualty Ins. Co. v. Traister, 173 So.2d 153 (Fla.Dist.Ct.App.1965). In *Coleman* the insurance policy was renewed subsequent to the acquisition of the nonlisted, after-acquired vehicle and such vehicle was not added in the renewal. The court held that "when an insured received a policy which describes but one of his automobiles [then owned by him] the liability under said policy is limited to the vehicle described therein." 166 So.2d at 622. The facts established an intention not to cover the owned automobile not mentioned in the renewal. Under the facts closely analogous to *Coleman*, the Florida court in *Traister* disallowed coverage of a nonlisted vehicle which was involved in an accident after the insurance policy had been modified and renewed, but which automobile had been acquired prior to the renewal. The *Traister* court relied on *Coleman* and distinguished *Beasley*. We agree that *Coleman* and *Traister* are clearly distinguishable from *Beasley* and the case at bar. Garrote's insurance policy had not been renewed after the acquisition of the Falcon but prior to the time of the accident.

The Garrote policy is clear on its face, however. For an after-acquired vehicle to be covered by the insurance policy, the insured must notify the insuror within 30 days of the vehicle's acquisition. This Garrote failed to do. The District Court did not err in denying coverage.

Affirmed.