PER CURIAM.
This is an appeal from a summary final judgment on a third-party action entered in favor of an insured in an insurance coverage dispute in the lower tribunal. Industrial Fire & Casualty, the appellant herein, was the third-party defendant below and appellee, Vivian Lockett Cooper, was the defendant/third party plaintiff. Appellee had been sued for personal injuries resulting from a motor vehicle accident in which she was involved; the other driver, Eugene Cooper, Jr. (not a relative of appellee), had included appellee’s insurer as a defendant in the action for personal injuries.
The undisputed facts reveal that appel-lee’s husband had acquired third automobile, a 1972 Dodge stationwagon, prior to the time that the insurance policy coverage on two other cars which the Coopers possessed went into effect. One of the two cars described in the policy with Industrial Fire became inoperable and was towed away to a vacant lot prior to the effective date of the policy, and it was not repaired or driven again. Thereafter, the most-recently-acquired car, a Dodge stationwag-on, was used in place of the inoperable car. The Industrial Fire Insurance policy provided insurance for two cars, and at no time did the Coopers operate more than two cars during the period covered by the policy; however, the Coopers did not notify the insurer that the Dodge stationwagon was being used in place of the inoperable car described in the policy. During the time the policy was in full force and effect, Mrs. Cooper, while operating the Dodge station-wagon, was involved in the motor vehicle accident which resulted in the litigation below. Industrial Fire denied liability on the basis that the said stationwagon was a nonscheduled automobile which was not a “temporary substitute” nor a “newly-acquired vehicle” under the provisions of the policy. The trial court, in granting the appellees’ motion for summary judgment on the issue of coverage, found for the appel-lee.
*981 On appeal the appellant-insurer contends that the trial court erred, as a matter of law, in holding as it did; appellee urges that the court was correct, since a motor vehicle which is in the possession of an insured prior to the effective date of insurance coverage is afforded liability coverage under the “automatic insurance” provision of the policy when the vehicle replaces or is substituted for a vehicle described in the policy, where the vehicle described in the policy is inoperable on the effective date of coverage and is never operable during the policy period. We agree and affirm the final summary judgment on the authority of Boston Insurance Company v. Smith, 149 So.2d 68 (Fla. 1st DCA 1963).
The court in Boston Insurance Company addressed the identical issue, and the identical “automatic insurance” provision was considered. The Boston Insurance Company decision stated that the provision was ambiguous as to whether a motor vehicle not described in the policy is afforded liability insurance coverage, if it replaces a vehicle described in the policy prior to the policy period, and that ambiguous, equivocal or uncertain terms of a policy are construed most strongly against the insurer and liberally in favor of the insured so as to effect the dominant purpose of payment to the insured.[1] The automatic insurance provision reads in pertinent part:
“Automobile Defined, Trailers, Private Passenger Automobile, Two or More Automobiles, Including Automatic Insurance.
“(a) . . . the word ‘automobile’ means:
[[Image here]]
“(3) Temporary Substitute Automobile— under coverages A, B and division 1 of coverage D, an automobile not owned by the named insured or his spouse if a resident. of the same household, while temporarily used as a substitute for the described automobile when withdrawn from normal use because of its breakdown, repair, servicing, loss or destruction.
“(4) Newly Acquired Automobile — an automobile, ownership of which is acquired by the named insured or his spouse if a resident of the same household, if (i) it replaces an automobile owned by either and covered by this policy, or the company insures all automobiles owned by the named insured and such spouse on the date of its delivery, and (ii) the named insured or such spouse notifies the company within thirty days following such delivery date; but such notice is not required under coverages A, B and division 1 of coverage D if the newly acquired automobile replaces an owned automobile covered by this policy.”
In its argument, appellant places reliance upon the holdings in Newbern Distributing Co. v. Canal Insurance Company, 124 So.2d 721 (Fla. 2d DCA 1960); Coleman v. Atlantic National Insurance Company, 166 So.2d 620 (Fla. 3d DCA 1964); and Pennsylvania Threshermen & Farmers’ Mutual Casualty Insurance Company v. Traister, 173 So.2d 153 (Fla. 2d DCA 1965). However, we find the facts of the instant case distinguishable from the facts stated in all three of the cited cases, since they involved an “additional” motor vehicle and in no way constituted a “replacement” or “substitute” motor vehicle within the meaning of the respective insurance policies. In the cause sub judice, the Dodge stationwagon was clearly used in place of the inoperable vehicle.
No reversible error has been demonstrated, therefore, the final summary judgment on the issue of insurance coverage is affirmed.

. See also, a case originating in the Southern District of Florida. Silverstein v. Liberty Mutual Insurance Company, 505 F.2d 138 (5th Cir.1975).