ADAMS, Justice.
This is an appeal from a declaratory judgment entered in the Circuit Court of Winston County. The appellees, Ray Minor and John Chris Minor, are father and son. On June 21, 1981, a 1973 Chevrolet pickup truck being driven by John Chris Minor was involved in an accident, and a passenger in the truck, Sidney Christian, sustained permanent injuries. As a result Sidney Christian, by and through his father, Joe L. Christian, filed suit against the Minors. This prompted the Minors to file the declaratory judgment action which is now before us. The Minors allege that the truck was covered by an insurance policy issued by State Farm Mutual Automobile Insurance Company, and, therefore, that *602 State Farm was obligated to defend them in the suit filed by the Christians and to pay any amount determined to be owed by them to the Christians. State Farm denied coverage, and, after a jury trial, a verdict was returned for the Minors. State Farm appeals from the judgment entered on the jury verdict. We reverse and remand.
According to the evidence produced at trial, the 1973 Chevrolet pickup truck was insured on a fleet policy issued by State Farm to “J.R. Smith, Jr. & Ray Minor D/B/A Haleyville Ready Mix Co. & Big Bear Lumber Co.” The fleet schedule in the policy shows that the 1973 Chevrolet pickup was taken off the policy on June 19, 1980. Thus, the truck had been uninsured for an entire year prior to the accident.
Plaintiffs’ theory of recovery, and indeed the only way that they could obtain a judgment against State Farm, was to claim that the truck was a “newly acquired car” under the terms of the policy. Ray Minor asserts that it is a “newly acquired car” because on May 29, 1981, he says he registered the truck in his own name, intending for it to become his personal property. Therefore, according to Ray Minor, the truck was newly acquired by him, and, since he reported the acquisition to State Farm within thirty days after its delivery to him, he says it is covered under the policy.
The policy of insurance in question defines a “newly acquired car” as follows:
Newly Acquired Car — means a car newly owned by you or your spouse if it:
1. replaces your car; or
2. is an added car and:
a. if it is a private passenger car, we insure all other private passenger cars,
or
b. if it is other than a private passenger car, we insure all cars owned by you and your spouse on the date of its delivery to you or your spouse;
but only if you or your spouse:
1. tell us about it within 30 days after its delivery to you or your spouse; and
2. if you or your spouse has more than one of our car policies, tell us which one is to apply; and
3. pay us any added premium due.
The policy also states that, when the words “you” or “your” are used, this “means the named insured or name shown on the declarations page.” Thus, by substituting the definition for the word “you” in the clause, it reads: “Newly Acquired Car — means a car newly owned by ‘J.R. Smith, Jr. & Ray Minor D/B/A Haleyville Ready Mix Co. & Big Bear Lumber Co.’ ” This is obviously not the case here, and demonstrates why Ray Minor’s suit against State Farm cannot be successful.
The policy of insurance was issued to “J.R. Smith, Jr. & Ray Minor D/B/A Ha-leyville Ready Mix Co. & Big Bear Lumber Co.” Assuming, arguendo, that Minor’s transfer of the truck’s title from Haleyville Ready Mix to himself could be viewed by a jury as somehow giving the 1973 Chevrolet truck a newly “purchased” status, the truck was not newly acquired by the named insured, and, therefore, cannot be found to be covered under the policy. The only way the truck could have been found to be covered under the policy was if the named insured had purchased it, but Ray Minor, individually, is not the named insured. It appears from the record that all of the vehicles purchased by Ray Minor for Haleyville Ready Mix that were covered under this policy were listed as being owned by Haleyville Ready Mix. Minor is now trying to have a strictly personally owned vehicle covered under the fleet policy, and this is unequivocally forbidden by the terms of the policy. Further, it is undisputed that Ray Minor did not have a personal policy of insurance with State Farm at the time he “purchased” the truck; that is the kind of policy that might have provided coverage for the truck.
One need only look to the purpose of “newly acquired” clauses such as this one to see that they do not apply in situations like the one before us. In Lambert v. Alabama Farm Bureau Mut. Cos. Ins. Co., 281 Ala. 196, 200 So.2d 656 (1967), this *603 Court was presented with a similar clause, and we stated:
The first three sentences of Section 4293, Appleman’s Insurance Law and Practice, are applicable:
The purpose of automatic insurance is to give coverage to persons who are already insured with the company in question upon acquiring a new vehicle. The coverage extends to the new acquisition when it replaces the sole automobile owned by the insured, when the insured owns a number of vehicles and all of them are insured with the company, or when several of the vehicles owned by the insured are covered by the policy and the new acquisition replaces one already covered. It does not apply to new vehicles which are in addition to those insured by the former coverages and which are not used as replacements, unless all vehicles of that insured are covered, in which event it is contemplated that a premium readjustment will be made.
281 Ala. at 199, 200 So.2d at 658.
It is clear to us that the 1973 Chevrolet pickup truck was not covered under the terms of the insurance policy in this case. Therefore, the judgment of the court below is reversed, and the case is remanded for a judgment consistent with this opinion.
REVERSED AND REMANDED.
JONES, ALMON, SHORES and STEA-GALL, JJ., concur.